J-A32030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.A.C., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| P.K.B., | |
| Appellee | No. 1612 EDA 2014 |

Appeal from the Order dated April 24, 2014,
in the Court of Common Pleas of Lehigh County,
Civil Division, at No(s): 2010-FC-0347

BEFORE:  PANELLA, OLSON, and FITZGERALD,* JJ.

JUDGMENT ORDER BY OLSON, J.;                    **FILED JANUARY 20, 2015**

M.A.C. ("Father") appeals from the order entered April 24, 2014, that held him in contempt of the custody order dated April 17, 2012, and awarded P.K.B. ("Mother") sole legal custody of the parties' child, X.K.C. ("Child").  We vacate and remand.

Prior to these contempt proceedings, Father and Mother had joint legal custody of Child.  On January 14, 2014, Mother filed a petition for contempt. Mother did not request sole legal custody of Child as a sanction for Father's contempt.  The trial court did not notify Father that it could alter the custodial arraignment if it found him in contempt.  On April 24, 2014, the trial court granted the contempt petition and awarded Mother sole legal custody of Child.  This timely appeal followed.  Father and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

_____
* Former Justice specially assigned to the Superior Court.

Father contends that his right to due process was violated when the trial court failed to provide notice that it may alter the parties' custodial arrangement if it found him in contempt. We review a trial court's finding of contempt, and sanctions it imposes, for an abuse of discretion. ***See G.A. v. D.L.***, 72 A.3d 264, 269 (Pa. Super. 2013) (citation omitted).

In ***Langendorfer v. Spearman***, 797 A.2d 303, 308-309 (Pa. Super. 2002), this Court held that the trial court violated the father's due process rights in modifying legal custody of a child where the contempt petition did not seek a change in the parties' custodial arrangement and there was no prehearing notice that the issue of custody would be considered at the contempt hearing. As noted by the trial court in the case *sub judice*, Mother's contempt petition made no request for a change in custody, and no prehearing notice regarding custody was provided. Trial Court Opinion, 6/30/14, at 3. The trial court concedes that, in the absence of prehearing notice that custody could be altered if it found Father in contempt, it erred by awarding Mother sole legal custody. ***Id.*** We agree. Pursuant to ***Langendorfer*** and ***Choplosky v. Choplosky***, 584 A.2d 340 (Pa. Super. 1990), which the trial court relied upon in its Rule 1925(a) opinion, the trial court erred by awarding Mother sole legal custody without providing Father appropriate notice. We therefore vacate the April 24, 2014 order and remand for further proceedings consistent with this judgment order.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015