J-S13014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C.R. AND J.R., | |
| Appellees | No. 1609 WDA 2014 |

Appeal from the Order September 2, 2014
In the Court of Common Pleas of Bedford County
Civil Division at No(s): CP-05-CV-936-2009

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 17, 2015**

E.B., maternal grandmother ("Grandmother"), appeals from the order, dated September 2, 2014, that awarded C.R. ("Mother") legal and primary physical custody of her three minor children, L.R. (born in September of 1999), B.R. (born in June of 2001), and G.R. (born in April of 2006) (collectively the "Children").[1]  We vacate and remand.

In a memorandum opinion filed on November 1, 2012, the trial court provided an extensive history of this matter that began in August of 2009. The order that accompanied the November 1, 2012 opinion awarded Grandmother legal and primary physical custody of the Children with Mother having partial custody one weekend a month and such other times as agreed

_____

[1] Although J.R. (Father) is named in the caption, it does not appear that he has participated in the litigation that resulted in this appeal.

upon by the parties. That custody arrangement remained in place, until the order presently on appeal was entered. On September 13, 2013, Mother petitioned for a custody modification. Following a number of continuances, a hearing was held on June 30, 2014, at which time Mother testified about her present circumstances. No one else testified and, at the conclusion of the June 30th hearing, the court scheduled another hearing for October 24, 2014, to receive additional testimony. Specifically, the order scheduling the next hearing also provided that:

> 2. In the interim and pending further Order of Court, the Court's Order of November 1, 2012 shall continue in full force and effect.
>
> 3. Effective September 1, 2014, [Mother] shall have primary physical custody of the minor children, … provided that she obtains a residence with three bedrooms.

Order, 6/30/14.

In an opinion entered by the court on October 16, 2014, the court explained its reasons for issuing the June 30, 2014 order, stating:

> The Court['s] decision was based on the testimony taken on June 30, 2014, and as a result of the information obtained in the Court's previous hearing in this matter[,] which resulted in an order being entered on November 1, 2012. That order left custody of the children with [Grandmother]. In the Memorandum Opinion filed with the [November 1, 2012] order, the Court noted [Mother] had a strong bond with her children and had achieved a degree of stability in her life. Further, if this stability continued it would be appropriate to award her custody. At the conclusion of the hearing on June 30, 2014[,] it was clear [Mother] had remained stable and had maintained her bond with the [C]hildren. [Mother] had maintained regular employment, had obtained her Associate's Degree in Accounting, [and] continued to reside with the same companion she had in 2012. That companion continued to be employed on a full time basis.

… Based on this information the Court as noted above entered the June 30, 2014 order. At the October 24, 2014 hearing[,] the Court expected to receive further testimony from the parties prior to entering another opinion and order in the case. The Court believed it had authority to enter the interim order pursuant to PRCP 1915.3 relating to special relief and those cases that hold that custody may be modified without proof of a substantial change of circumstances where modification is in the child's best interest. **McMillen v. McMillen**, 602 A.2d 845 (Pa 1992). Of course, the parties' due process rights must be honored, so the court ordered [an] additional hearing so that testimony could be presented. **Choplosky v. Choplosky**, 584 A.2d 340 (Pa Super 1990). As of the June 30, 2014 hearing[,] there was ample evidence to support the Mother's request for an interim modification of custody. Th[e] intention was to transfer physical custody and then take further hearing to determine if the Defendant/Mother['s] retaining primary physical custody was in the [C]hildren's best interest. The current custody act permits relocation if approved by the Court. 23 Pa.C.S.A. § 5337(b)(2).

Trial Court Memorandum Opinion, 10/16/14, at 1-2.

On August 14, 2014, Grandmother filed a "motion for determination of finality" with regard to the June 30, 2014 order, and the court granted the motion by order dated September 2, 2014. In a separate order also entered on September 2, 2014, the court indicated that Mother had complied with the June 30, 2014 order and, therefore, she was awarded legal and primary physical custody of the Children.

On September 30, 2014, Grandmother filed a timely notice of appeal and a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). She raises the following issues for our review:

I. Whether the trial court erred in making a final order of custody which transferred primary physical custody of the minor children without considering the 16 custody factors outlined in 23 Pa.C.S.A. § 5328(a) and making such determination prior to full hearing on the matter?

II. Whether the trial court erred in making a final order allowing relocation of the children to another state without consideration of the required factors for relocation and making such determination prior to full hearing on the matter?

Grandmother's brief at 4.

With regard to custody matters, our scope and standard of review are as follows:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*E.D. v. M.P.*, 33 A.3d 73, 76 (Pa. Super. 2011) (quoting *A.D. v. M.A.B.*, 989 A.2d 32, 35-36 (Pa. Super. 2010)). The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citing *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)).

Grandmother's first argument centers on the trial court's failure to conduct a full hearing and then transferring custody to Mother without

- 4 -

considering the custody factors set forth in 23 Pa.C.S. § 5328(a). Section

5328(a) provides:

> In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.
>
> (7) The well-reasoned preference of the child, based on the child's maturity and judgment.
>
> (8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.
>
> (9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.
>
> (10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.
>
> (11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a). "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.2d 647, 652 (Pa. Super. 2011) (emphasis in original). Moreover, "[c]ustody hearings should be comprehensive; all witnesses who can contribute should be heard." *Bednarek v. Velazquez*, 830 A.2d 1267, 1270 (Pa. Super. 2003).

Because the trial court did not expressly consider the section 5328(a) best interests factors, it committed an error of law. Likewise, having recognized that additional testimony would be forthcoming at the hearing scheduled for October 24, 2014, the court committed an error of law in granting Grandmother's finality motion. For these reasons, we must vacate the order granting custody to Mother and remand for a hearing to allow for a comprehensive examination of all witnesses involved. Thereafter, the court

is required to expressly consider all section 5328(a) factors to arrive at its custody decision. Its opinion should contain a discussion of the sixteen best interests factors. Additionally, because this case appears to implicate the relocation factors set forth at 23 Pa.C.S. § 5337(h), in light of the Children's possible move from Pennsylvania to New Jersey, the court must consider those factors as well. *See **D.K. v. S.P.K.***, 102 A.3d 467, 474 (Pa. Super, 2014). Upon completion of the hearing and the court's decision with accompanying opinion, either party may file a new appeal, if necessary.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015