J. A04014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.D.W., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1264 WDA 2015 |
| | : | |
| B.E.W. | : | |

Appeal from the Order, July 16, 2015,
in the Court of Common Pleas of Westmoreland County
Civil Division at No. 1946 of 2013-D

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND SHOGAN, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 17, 2016**

L.D.W. ("Mother") appeals from the order entered July 16, 2015, in the Westmoreland County Court of Common Pleas, which awarded the parties shared legal custody, B.E.W. ("Father") primary physical custody, and Mother partial physical custody of H.B.W., born in December of 1997, and A.R.W., born in August of 2006 (collectively, the "Children"). The order additionally awarded Father the ability to decide which school A.R.W. is to attend. After review, we affirm.

A portion of the pertinent factual and procedural history was summarized by this court previously in memorandum dated March 16, 2015, as follows:

> A.R.W. was born during the marriage of Father and Mother. N.T., 7/29/14, at 6. Mother legally adopted Father's son, H.B.W., born in December of

1997, who resides at the Milton Hershey School. *Id.* at 5-6. In July of 2013, Father and Mother separated. *Id.* at 6. Mother resides in the marital home with A.R.W., and Father resides in the home of his paramour, K.M., and her daughter, S., who is one year older than A.R.W. *Id.* at 70, 73.

On September 18, 2013, Mother filed *pro se* a custody complaint and a separate petition for emergency relief, where she requested primary physical custody of A.R.W. and H.B.W., who were then ages seven and fifteen, respectively. The trial court denied Mother's petition for emergency relief. The court entered a temporary custody order on November 4, 2013, which indicated it would become a final order unless one of the parties filed a praecipe for a pre-trial conference within 30 days. Father filed a praecipe on November 18, 2013. On November 20, 2013, the trial court issued an order scheduling the pre-trial conference for February 11, 2014. Thereafter, the court rescheduled the pre-trial conference for February 18, 2014, due to a conflict in the court's schedule, and again for April 29, 2014, due to bad weather.

Prior to the pre-trial conference, on February 21, 2014, Mother filed a notice of proposed relocation, and proposed relocating with A.R.W. to Cheswick, in Allegheny County, Pennsylvania, which Mother alleged was less than 20 miles from the marital residence where she was currently living. On March 3, 2014, Father filed a counter-affidavit objecting to the proposed relocation and to modification of the custody order.

Following the pre-trial conference on April 29, 2014, by order dated April 30, 2014, the court issued an *interim* custody order and scheduled the trial on custody and relocation for July 29, 2014. The *interim* order granted Mother primary physical custody of A.R.W., and Father partial physical custody on alternating weekends, from Friday after school until Sunday at 5:00 p.m., and every Tuesday and Thursday after school until 7:30 p.m.,

> *inter alia*. During the summer, the order granted Father partial custody on alternating weekends from Thursday at 5:00 p.m. until Sunday at 5:00 p.m., and during the intervening week, from Wednesday at 2:00 p.m. until Thursday at 9:00 a.m., *inter alia*. The *interim* order was silent with respect to the custody of H.B.W.
>
> At the custody trial on July 29, 2014, the following witnesses testified: Mother; Father; K.M., Father's paramour; and A.R.W., *in camera*. By memorandum and order dated August 18, 2014, the trial court granted the parties shared legal custody of A.R.W., Mother primary physical custody of A.R.W., and Father partial physical custody of A.R.W. on alternating weekends and every Tuesday and Thursday after school or at 4:00 p.m. if there is no school. The order also set forth a holiday schedule and granted the parties one week of vacation with A.R.W. during the summer. The order was silent with respect to the custody of H.B.W. Further, the order denied Mother's request to relocate with A.R.W. On September 18, 2014, Father filed a notice of appeal and a concise statement of errors complained of on appeal.

*L.D.W. v. B.E.W.*, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum at 1-4) (footnotes omitted).

Pursuant to the memorandum dated March 16, 2015, this court vacated the order of August 18, 2014 and remanded the matter to the trial court to: consider all of the Section 5328(a) custody factors, with respect to both A.R.W. and H.B.W., on the record or in a written opinion; set forth findings of fact and determinations regarding credibility and weight of the evidence; and enter a custody order that includes both A.R.W. and H.B.W. By order dated April 1, 2015, the trial court scheduled a remand trial for

April 21, 2015. At the time of the remand trial, the court conducted a trial *de novo* "in order that all facts and circumstances, even those that had arisen after remand, could be fairly and comprehensively considered." (Memorandum and order, 7/16/15 at 1.)[1] The following witnesses testified: Father; Mother; H.B.W.; T.W., Father's oldest daughter, whom Mother did not adopt; J.W., Mother's boyfriend; and A.R.W., *in camera*. Of note, both Mother and Father were represented by counsel.[2]

Following the remand trial, on April 22, 2015, the trial court ordered the parties to submit a proposed order within ten days. Thereafter, on July 16, 2015, by memorandum and order, the trial court granted the parties shared legal custody of the Children, primary physical custody of H.B.W. to Father, with partial physical custody to Mother as agreed to by H.B.W., and primary physical custody of A.R.W. to Father, with partial physical custody to Mother. Specifically, Mother was granted partial physical custody of A.R.W. as follows: during the school year, every other weekend from Friday at 5:30 p.m. until Sunday at 7:00 p.m., and every Wednesday at 5:00 p.m. until 8:00 p.m.; and, during the summer vacation, every other week from Friday at 5:00 p.m. until the following Friday at 5:00 p.m. In addition,

---

[1] The trial court incorrectly indicates that the remand relates to its order dated September 22, 2015, entered September 25, 2015. (Memorandum and order, 7/21/15 at 1.) However, as stated in this court's prior memorandum dated March 16, 2015, this order was a "nullity." *L.D.W. v. B.E.W.*, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum at 10).

[2] Mother is represented by new counsel on this appeal.

Father was further granted the ability to decide which school A.R.W. is to attend, with Mother to have access to all of the school records and be informed of all school activities by Father. The trial court's memorandum analyzed each of the 16 custody factors pursuant to Section 5328(a) and included findings of fact and determinations regarding credibility and weight of the evidence. On August 14, 2015, Mother, through counsel, then filed a notice of appeal and concise statement of errors complained of on appeal.

On appeal, Mother raises the following issues for our review:[3]

I.   Whether the trial court committed an error of law by not considering Mother's request for relocation and by failing to consider the relocation factors pursuant to 23 Pa. C.S.A. § 5337(h)?[4]

II.  Whether the trial court committed an abuse of discretion and an error of law by conducting a trial de novo as a result of which a custody modification was effectuated when the case was remanded from the Superior Court in order to have the trial court delineate the custody factors, along with the basis for the court's order of August 18, 2014, and when the Plaintiff/Mother was deprived of due process because she lacked adequate notice of the trial court's intent to modify the August 18, 2014 order?

III. Whether the trial court committed an abuse of discretion and an error of law by violating

---

[3] We have re-ordered Mother's issues for ease of disposition.

[4] While Mother does not raise this issue in the statement of questions involved section of her brief, she includes this issue in the summary of argument and argument sections of her brief. For purposes of thoroughness, we discuss this issue within.

Pa.R.C.P. 1915.4(d), which required the trial court to file its decision within fifteen days of the conclusion of trial when the significant delay resulted in prejudice to Plaintiff/Mother?

IV. Whether the trial court committed an abuse of discretion and an error of law by misapplying and/or failing to analyze the custody factors set forth in 23 Pa. C.S.A. § 5328(a) and by failing to render a custody decision that is in the best interests of the minor children when it awarded primary custody of the parties' minor children to Defendant/Father, as its decision was against the weight of the evidence presented at trial?

V. Whether the trial court committed an abuse of discretion and an error of law by addressing and assigning school choice, particularly in light of the fact that the remand was limited to the trial court delineating and supporting its August 18, 2014 decision pursuant to the custody factors, and whether the trial court abused its discretion in making its own determination as to which school is better suited for the minor child?

Mother's brief at 4, 15-16.

As we stated in ***E.R. v. J.N.B.***, 129 A.3d 521, 527 (Pa.Super. 2015), with regard to our review of a custody order:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the

test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. ***V.B. v. J.E.B.***, 2012 PA Super 200, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." ***S.W.D. v. S.A.R.***, 2014 PA Super 146, 96 A.3d 396 (Pa. Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

***E.R.***, 129 A.3d at 527.

23 Pa.C.S.A. § 5328(a) provides as follows:

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4)    The need for stability and continuity in the child's education, family life and community life.

(5)    The availability of extended family.

(6)    The child's sibling relationships.

(7)    The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)    The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)    Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)   Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)   The proximity of the residences of the parties.

(12)   Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)   The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by

> another party is not evidence of unwillingness or inability to cooperate with that party.
>
> (14) The history of drug or alcohol abuse of a party or member of a party's household.
>
> (15) The mental and physical condition of a party or member of a party's household.
>
> (16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Turning to Mother's first issue, Mother asserts that the trial court erred by not considering her request for relocation and by failing to consider the relocation factors pursuant to 23 Pa.C.S.A. § 5337(h). Mother indicates that, if the trial court was essentially revisiting or reconsidering all issues, it should have addressed her request to relocate and the relocation factors set forth by Section 5337(h). (Mother's brief at 15.) Mother further argues that, in determining that she did not establish a right to relocate in its order of August 18, 2014, the trial court "failed to consider the factors, weight [sic] the evidence or even consider the burdens of proof[,]" as well as the best interests of the child. (**Id.** at 15-16.)

Importantly, neither Mother nor Father raised the issue of relocation on appeal after denial in August 2014. Further, Mother did not include this issue in the statement of questions involved section of her brief in the instant appeal. Therefore, Mother waived this issue. **See**

Pa.R.A.P. 1925(b)(4) (issues not raised in a concise statement of errors complained of on appeal are waived); *Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa.Super. 2006) (finding waiver where an issue is not included in both a concise statement of errors complained of on appeal and statement of questions involved section of the brief). Notwithstanding, Mother further failed to appropriately preserve this issue as she disputes the trial court's denial of her relocation in her concise statement, whereas she raises the trial court's failure to address her relocation in her brief. *Krebs*, 893 A.2d at 797. In any event, by awarding primary physical custody to Father, Mother's relocation issue would appear no longer relevant.

In her second issue, Mother challenges the trial court conducting a trial *de novo* after remand. Mother argues that, as the trial court conducted a trial *de novo* upon remand, rather than issuing an order upon the existing record, she received inadequate notice that all prior claims would be considered and inadequate time to prepare. As a result, Mother avers that she was deprived of due process. (Mother's brief at 10-11.)

We disagree with Mother. Initially, we observe that, by order dated April 1, 2015, the trial court gave notice of the remand trial scheduled for April 21, 2015. Mother failed to file any motion and made no inquiry, request, or written objection upon receipt of the notice scheduling the remand trial. Moreover, Mother voiced no objection, request for

continuance, request to present additional testimony and/or evidence, or request for any other relief on the record at the remand trial. Mother therefore waived any issue related to the trial *de novo* as she failed to first raise it with the trial court. *See* Pa.R.A.P. 302(a) (providing for waiver of issues not first raised in lower court); *Fillmore v. Hill*, 665 A.2d 514, 515-516 (Pa.Super. 1995) (stating, "[I]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error, such as an erroneous jury instruction, will result in waiver of that issue. On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." (citations omitted)).

Nonetheless, as indicated previously, the trial court conducted a trial *de novo* "in order that all facts and circumstances, even those that had arisen after remand, could be fairly and comprehensively considered." (Memorandum and order, 7/16/15 at 1.) Given the lapse of time between its decision and this court's remand, the trial court found it beneficial and wise to take additional testimony.

> THE COURT: Well, we met briefly in chambers with counsel, and I think the best approach this morning would be for Mr. [W.] to proceed first on the remand, rather than just, you know, reissue an opinion discussing, you know, the elements in a statute.

> It appears to be best to get an update from everybody, see where, you know, what, if anything, has happened in life since we were last in court. I'll try to do a holistic view of the entire case here and discuss the elements in the statute and renewed matter that is, you know, relevant.

Notes of testimony, 4/21/15 at 4 lines 2-16. Both parties, who were represented by counsel, were given 20 days' notice and the opportunity to fully participate and question witnesses and present evidence, which they did. As such, Mother was not deprived of due process. **See Everett v. Parker**, 889 A.2d 578, 580 (Pa.Super. 2005).

With her third issue, Mother next raises trial court error for failure to comply with Pennsylvania Rule of Civil Procedure 1915.4(d). As this issue involves a pure question of law, our standard of review is **de novo**, and our scope of review is plenary. **Harrell v. Pecynski**, 11 A.3d 1000, 1003 (Pa.Super. 2011) (citations omitted).

Rule 1915.4(d) provides, in part, with regard to disposition of custody cases:

> **(d)** **Prompt Decisions**. The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension. In no event shall an extension delay the entry of the court's decision more than 45 days after the conclusion of trial.

Pa.R.C.P. 1915.4(d). Here, the trial court conducted a remand trial on April 21, 2015, and did not issue a decision until July 16, 2015. Mother

posits that this delay of 86 days, in violation of Rule 1915.4(d), resulted in prejudice to herself and A.R.W., as it necessitated that A.R.W. change schools prior to allowing for consideration of the issues on appeal. (Mother's brief at 12-14.) Mother further argues that the mandatory nature of Rule 1915.4(d), coupled with the prejudice resulting from the delay, warrants dismissal of the trial court order. (***Id.*** at 14-15.) In so arguing, Mother largely contests the trial court's decision with regard to school choice. (***Id.*** at 12-14.)

We again disagree with Mother. On April 22, 2015, the day after the remand trial, the trial court entered an order requesting the parties submit proposed orders within ten days. It is unclear from the certified record if the parties complied. Regardless, and despite a previous delay in issuing the August 2014 order, Mother made no request for a more timely decision nor took any affirmative action with either the trial court or this court. What is more, Mother appears to be confusing her disagreement, in particular as it relates to school choice, with prejudice. Although A.R.W. changed schools, this is a function of the trial court's decision, not delay. In addition, in contravention to Mother's request for dismissal, we note that, while Subsection (b) of Rule 1915.4 provides for dismissal, either ***sua sponte*** with notice or upon motion, Subsection (d) remains silent in this regard. Dismissal of the trial court's order is therefore not appropriate.

In her fourth issue, Mother asserts that the trial court committed an abuse of discretion and an error of law by misapplying and/or failing to analyze the custody factors set forth in 23 Pa.C.S.A. § 5328(a) and by failing to render a custody decision that is in the best interests of the Children when it awarded primary custody to Father, as its decision was against the weight of the evidence presented at trial. Mother argues that the trial court's failure to appropriately analyze the custody factors and interpret and weigh the evidence resulted in a decision, as it relates to A.R.W., which placed A.R.W. in the "primary custody of a parent who was not as involved or emotionally supportive." (Mother's brief at 16.) Mother contends that "[b]y relying on faulty or misinterpreted evidence, overlooking other evidence favorable to Mother or negative for father, and ignoring the weight of the evidence supporting Mother as primary custodian, the Trial Court has failed to craft a custody schedule that is in the best interests of the Minor Child[.]" (*Id.* at 17). Specifically, Mother takes issue with the trial court's interpretation of evidence regarding school, daycare, the condition of the marital residence, and abuse. (*Id.* at 17-23.) Mother further avers that the trial court's decision not only neglects her role as primary caregiver, but does not consider the impact on A.R.W.'s stability. (*Id.* at 23-24.)

As we construe this issue, Mother questions the trial court's findings of fact and determinations regarding credibility and weight of the evidence. Under the aforementioned standard of review applicable in custody matters,

these are not disturbed absent an abuse of discretion. ***See E.R.***, 129 A.3d at 527. Upon review, we find no error of law or abuse of discretion.

In the case at bar, as directed by this court on remand, and as required by law, the trial court carefully analyzed and addressed each factor under Section 5328(a) in considering the Children's best interests. (Memorandum and order, 7/16/15 at 4-11.) In concluding and summarizing its analysis, the trial court stated:

> As stated above, based on [H.B.W.]'s age and his reasoning, his preference will be given significant weight, and will be the determining factor in his custody schedule. An order granting the Father primary physical custody of [H.B.W.] and leaving the Mother's partial physical custody up to [H.B.W.]'s discretion will be entered.
>
> Although it appears that [A.R.W.] is extremely bonded to the Mother, there is a strong bond between her and the Father. In considering the factors, specifically with the testimony that was offered at the April 2015 trial, it appears to be in the best interest of [A.R.W.] to grant the Father primary physical custody, with the Mother receiving substantial partial custody. The evidence presented indicates that the Father is more able to promote relationships between [A.R.W.] and her siblings, as well as extended family, which the Mother does not appear to be able to do.
>
> Furthermore, the testimony regarding the Mother's residence, and photos offered in support, indicate an unstable and unsuitable environment for [A.R.W.] to live in primarily. Additionally, the Mother failed to offer sufficient evidence to lead the Court to believe that remaining in Harvest Baptist Academy is in [A.R.W.'s] best interest. The Father, on the other hand, provided information to the Court regarding

> the Kiski School District regarding academic standing and score rating.
>
> For these reasons, an order granting the Father primary physical custody of [A.R.W.], with the Mother having substantial partial custody will be entered.

*Id.* at 11-12. Thus, after review of the record, we determine that the trial court's findings regarding the custody factors set forth in Section 5328(a) and determinations regarding best interests are supported by competent evidence in the record, and we will not disturb them. *See E.R.*, 129 A.3d at 527.

Lastly, we consider Mother's allegation of error and abuse of discretion as a result of the trial court addressing and assigning school choice and making its own determination as to which school was better suited for A.R.W. Mother argues that, not only was it improper for the trial court to consider school choice on remand, but that the trial court should have considered the factors pursuant to Section 5328(a) in rendering its decision. (Mother's brief at 11-12.) Mother contends that "moving the child from a school she has attended for two years, and for which there is no significant evidence of problems or deficiencies, is not in the best interests of the child[. . . .]" (*Id.* at 12.)

We first observe that Mother made no objection, other than evidentiary, to the testimony and evidence regarding school choice at the remand trial. Mother therefore waived any issue related to the trial court

addressing this issue for failure to raise it below. *See* Pa.R.A.P. 302(a);

*Fillmore v. Hill*, 665 A.2d at 515-516.

Further, looking to Mother's allegation with regard to consideration of the Section 5328(a) factors, we have clarified that the factors under Section 5328(a) are required to be addressed where an order impacts an award of custody and does not merely deal with a discrete and distinct issue.

*S.W.D. v. S.A.R.*, 96 A.3d 396 (Pa.Super. 2014).

> It is also true that resolution of an otherwise ancillary matter may affect a form of custody and require consideration of the § 5328(a) factors. For instance, the choice of a child's school may factor into a trial court's decision to award a form of custody when the trial court is addressing a request to establish or change legal or physical custody in connection with the choice of school. One parent in a custody dispute may argue that he or she is entitled to primary physical custody because his or her residence has much better schools. On the other hand, many times--like here--these items may appear as independent, discrete issues advanced by motion or petition that does not require a change in the form of custody. Although any decision requires consideration of the child's best interest, only the former situation requires consideration and application of the § 5328(a) factors.

*Id.* at 403. In the instant matter, the trial court clearly considered school choice in the context of its determination of best interests and examination of the Section 5328(a) factors. In fact, the court expressed, "On the surface, the resolution of the question of school choice would appear as a singular, discrete matter, but in the case herein, the choice of school weighs heavily on the custody arrangement that will best serve [A.R.W.]"

(Memorandum and order, 7/16/15 at 1 (footnote omitted).) It follows that the trial court discussed school choice throughout its analysis, in particular as it relates to A.R.W., with regard to Factor 1, which party is more likely to encourage and permit frequent and continuing contact between the child and another party, Factor 4, the need for stability and continuity in the child's education, family life and community life, Factor 7, the well-reasoned preference of the child, based on the child's maturity and judgment, and Factor 13, the level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. (*Id.* at 6-10.) Specifically, with regard to Factor 4, in finding that the factor favors Father, the trial court stated, in part:

> The testimony offered by the Father at the April 2015 trial is that [A.R.W.]'s grades have been declining at the Harvest Baptist Academy. . . . The Father testifies that he does not believe that [A.R.W.] is getting a quality education or advancing her social skills at the Harvest Baptist Academy. He states that the school has no rating and that it is not a licensed school. He believes that only having 8-12 children in a class does not allow [A.R.W.] to improve her social skills the way a child her age needs. The Mother also testifies that [A.R.W.] is not currently in any activities.

*Id.* at 6-7. Likewise, as to Factor 13, the trial court indicated:

> There is high conflict between the parties in this case. Although it does appear that the Mother, although possibly not intentionally, through her enrollment of [A.R.W.] in Harvest Baptist Academy and the use of multiple daycare agencies, interferes with the relationship between the Father and [A.R.W.] The conflict and animosity between the

> parties is from both sides, though the Mother seems more purposeful.

*Id.* at 10. Moreover, as referenced above, in concluding, the trial court noted Mother's lack of evidence regarding Harvest Baptist Academy as compared to Father's evidence in support of Kiski Area School District. Again, the trial court stated, "Additionally, the Mother failed to offer sufficient evidence to lead the Court to believe that remaining in Harvest Baptist Academy is in [A.R.W.'s] best interest. The Father, on the other hand, provided information to the Court regarding the Kiski School District regarding academic standing and score rating." (*Id.* at 11-12.) As such, after review, we discern no error of law or abuse of discretion.

Accordingly, for the foregoing reasons, we affirm the order of the trial court awarding the parties shared legal custody, Father primary physical custody and Mother partial physical custody of the Children, and Father the ability to decide which school A.R.W. is to attend.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

- 19 -