584 A.2d 340

**Victor John CHOPLOSKY, Appellant,**

v.

**Dianne CHOPLOSKY, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Dec. 28, 1990.

David Serchak, Tunkhannock, for appellant.

Judd B. Fitze, Dist. Atty., Tunkhannock, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether a trial court may act to permanently modify a custody order without having before it a formal petition to modify filed by one of the parties. We find that it cannot and vacate.

The relevant facts and procedural history of this case may be summarized as follows. On April 11, 1984, Mr. and Mrs. Choplosky were divorced. Pursuant to the divorce, the parties agreed by a provision incorporated into the divorce decree to share both legal and physical custody of their three children.

Subsequently, the court entered an order directing Victor Choplosky to pay child support. This order was later modified to require Victor Choplosky to provide medical coverage for the children and to divide equally all un-reimbursed medical expenses with Dianne Choplosky.

On April 30, 1990, Victor Choplosky petitioned the court to issue a rule to show cause why Dianne Choplosky should not be held in contempt of court, alleging violations of the custody agreement by failing to seek and receive his assent before having two of the children treated by a physician in

non-emergency situations. A rule to show cause was thereafter issued upon Dianne Choplosky and on May 9, 1990, the court held a hearing on the contempt petition. Substantial argument from both parties was entertained, and at the conclusion of the contempt hearing, the court entered an order modifying the custody agreement of 1984 so as to grant Dianne Choplosky sole legal custody of the parties' minor children. Victor Choplosky files this appeal.

On appeal, Victor Choplosky contends that the trial court deprived him of his right to due process of law by modifying a custody order in the absence of a written petition by one of the parties requesting the court to do so. We agree.

Our legislature has granted trial courts the authority to modify existing custody orders. *See* 23 Pa.C.S.A. § 5310. Until 1988, however, courts could not do so unless there was a sufficient showing of a change in circumstances. *See Constant A. v. Paul C.A.*, 344 Pa.Super. 49, 496 A.2d 1 (1985); *Agati v. Agati*, 342 Pa.Super. 132, 492 A.2d 427 (1985). In that year, our Supreme Court definitively ruled that such a showing is no longer required. *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988); *see also Hutchinson v. Hutchinson*, 379 Pa.Super. 247, 549 A.2d 999 (1988). Thus, the paramount and sole pertinent consideration in discerning the continuing validity of a custody order is, as in all such determinations regarding children, the best interests of the children involved. *Karis v. Karis, supra.* Whether and under what circumstances courts may undertake such deliberation, is the question presently before us.

In *Steele v. Steele*, 376 Pa.Super. 174, 545 A.2d 376 (1988), this Court was faced with a similar question of whether, under the guise of the resolution of a contempt petition, the trial court may alter the *visitation* rights of the parties. There we stated:

[T]he appropriate manner to bring about a change in a custody/visitation Order is by petition for modification, which would follow, generally the procedure under Pa.R. C.P. 1915.3, Commencement of Action. However, this

does not prevent the trial court, under appropriate circumstances to alter a custody/visitation Order when it is in the best interest of the child to do so. Recognizing that circumstances may change abruptly, and to provide for a means to bring about emergency relief that is traditionally available under the writ of habeas corpus, the Rules of Civil Procedure provide for special relief as follows:

### Rule 1915.13. Special Relief

At any time after commencement of the action, the court may on application or its own motion grant appropriate *interim* or *special* relief. The relief may include but is not limited to the award of *temporary* custody, partial custody or visitation; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court.

Thus, while the court could not act to modify the visitation Order *permanently* without a petition to modify, the trial court properly recognized he had the authority to suspend the visitation Order because of the violent and irrational tendencies of the appellant and to protect the child during visitation by having visits supervised by CYS.

*Steele v. Steele, supra,* 376 Pa.Superior Ct. at 179, 545 A.2d at 378 (emphasis added). This temporal distinction was later found controlling by another panel of this Court in *Seger v. Seger,* 377 Pa.Super. 391, 547 A.2d 424 (1988), where an order of the trial court which modified visitation rights at the conclusion of a contempt hearing was vacated due to the permanent nature of the modification. In further clarifying its decision to do so, the *Seger* Court explained:

In *Karis v. Karis,* [518] Pa. [601], 544 A.2d 1328 (1988), the Supreme Court eliminated the requirement that a petition for modification of an existing court Order must allege a substantial change of circumstance. The re-

quirement established by the Supreme Court is that the petition must simply allege it is in the best interest of the child to warrant review. *The requirement that a petition for modification be filed in order for the court to review the case for permanent modification of a custody Order, and to enter a final Order, remains intact.* *Seger,* 547 A.2d at 426 n. 1 (emphasis added).

█ It is well settled, therefore, that without a motion to modify visitation rights before it, a trial court may not permanently alter the visitation rights of parties. *Dicta* from these cases would suggest that the same rule be applied where the trial court permanently modifies *custodial* rights before a petition for modification is filed. Neither party has cited, nor has our research disclosed, any *holdings* which are directly relevant to the question of whether a court may modify custodial rights, essentially *sua sponte.* We find, however, as we discern no material distinction between permanently modifying *visitation* and permanently modifying legal *custodial* rights, the logic underlying the *dicta* in the visitation cases persuasive herein.[1]

█ Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, *rehearing denied,* 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). To relax or in anyway disregard the notice requirement, is to undermine the intrinsic pursuit of our system of justice: to provide a crucible for testing the truth of accusations. *Cf. Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593, 600 (1975) ("The very premise of our adversary system is that partisan advocacy of both sides of a case will best promote the ultimate objective that the

---

**1.** We note, that if any distinction may be found, it is that such custodial rights are *more* significant and encompassing than the visitation rights, and thus, where as here the custody of the children is at issue, due process rights should be guarded even ·*more closely.*

guilty are convicted and the innocent go free."). Thus, while it is generally true that to promote the best interests of the child efforts seeking to modify custody orders may be entertained at any time, *see Martin v. Martin,* 386 Pa.Super. 328, 562 A.2d 1389 (1989), courts may not allow parties to forego general notice requirements which must otherwise be strictly observed.[2]

We find, therefore, that the trial court's decision to permanently modify the custody order following argument in a contempt proceeding was error. Neither party was on notice that the custody order, upon which the contempt proceedings were predicated, was *itself* to be at issue until the "contempt" proceedings were well underway. The degree to which the parties were allowed to freely argue facts regarding the appropriate custody of the children is inconsequential. However unabated or erudite the advocacy, absent adequate notice or opportunity to prepare, neither we nor the trial court can assume that the parties have either sufficiently exposed the relevant facts or properly argued their significance. Consequently neither we nor the trial court can make an informed, yet quintessentially crucial judgment as to whether it was in the best interests of the children involved to give sole legal custody to their mother.

---

2. *See also Soja v. Factoryville Sportsmen's Club,* 361 Pa.Super. 473, 481, 522 A.2d 1129, 1133 (1987) ("It is the antithesis of due process to bring someone before a court to defend himself on one basis if the court then reaches its decision on a different basis. It is also unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would had he realized that he was not going to receive a second chance to present his case."); *Noetzel v. Glasgow, Inc.,* 338 Pa.Super. 458, 469, 487 A.2d 1372, 1377 (1985) ("Notice, the most basic requirement of due process, must 'be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections.' ") (*quoting Pennsylvania Coal Mining Association v. Insurance Department,* 471 Pa. 437, 452–53, 370 A.2d 685, 692–93 (1977)); *Mellon v. Travelers Ins. Co.,* 267 Pa.Super. 191, 197, 406 A.2d 759, 762 (1979) ("Notice and the opportunity to be heard are essential elements of a fair hearing.... Litigants require not simply notice that a hearing is to occur, but also notice of the issues to be litigated."); *Com., Dept. of Health v. Brownsville Golden Age Nursing Home, Inc.,* 103 Pa.Cmwlth. 449, 456, 520 A.2d 926, 930 (1987) ("[A] right to due process means a right to know how the proceedings shall be conducted, in addition to knowing when the proceedings shall be conducted.").

Had the trial court decided, and had the circumstances required that the custody of the children be only *temporarily* modified pursuant to Pa.R.C.P. 1915.13, our decision might have been different. Such "special relief" may in some cases be appropriate (and necessary) where the situation is such that, for example, temporary modification of custody or visitation rights would preserve the well-being of the children involved while the parties prepare to resolve more permanently the question of where and/or with whom the children should remain.

In conclusion, we hold that because the trial court chose to *permanently* modify Victor Choplosky's custodial rights without having before it a petition to modify the custody agreement, the trial court erringly deprived Victor Choplosky of his right to due notice of the proceedings. Accordingly, we vacate the trial court Order of May 9, 1990, and reinstate the prior agreement of custody incorporated into the April 11, 1984 divorce decree until a new order is entered consistent with this memorandum.

Order vacated. Jurisdiction relinquished.