Thomas EVERETT, Sr., Appellee,

v.

Leslie Mabie PARKER, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 22, 2005.

Filed Dec. 7, 2005.

Romilda P. Crocamo, Scranton, for appellant.

Thomas J. Jones, Jr., Scranton, for appellee.

Before: TODD, MONTEMURO * and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 Leslie Mabie Parker (Mother) appeals an order of the trial court finding her in contempt of a custody order, and transferring custody of S.M., a three-year-old child, to Thomas Everett (Father). Because notice of the contempt and custody hearing was deficient, we find that the trial court abused its discretion. Accordingly, we vacate the order and remand.

## FACTS & PROCEDURAL HISTORY

¶ 2 Mother and Father are the natural parents of S.M. By order of the trial court dated November 23, 2004, Mother had primary physical custody of S.M. Father was entitled to periods of partial custody and visitation every other week.

¶ 3 On March 17, 2005, Father filed a *pro se* petition alleging that Mother was in contempt of the November 23rd custody order. He claimed that Mother had failed to or was late to drop off S.M. for Father's custodial periods on at least five occasions in three months. He also alleged that Mother had failed to be home to accept custody when Father's custodial periods had concluded on three occasions in the same period of time. In the way of relief, Father requested that the court "[p]lace [the] minor child with Father ... with visitation given to [Mother] ...."

¶ 4 On the same day that Father filed the petition for contempt, the court scheduled a contempt hearing for April 14, 2005. This was written into the order to show cause that Father had attached to his petition, which was then signed by the trial

judge. Father attempted, as required, to serve Mother with the petition. But Father did not serve Mother directly, even though her whereabouts were apparently known to him. He instead mailed a copy to an attorney who had represented Mother in a dependency matter. He also mailed a copy to a CYS caseworker who was involved with the family.

¶ 5 Mother did not appear at the April 14th contempt hearing. The attorney to whom the contempt petition was mailed was not at the hearing, either, and he has never filed an appearance in the record before us. Father appeared, continuing in his *pro se* status. The CYS caseworker was also present; she was there to testify regarding custody.

¶ 6 Noting Mother's absence, the court questioned Father regarding service of the contempt petition. Father indicated that he had taken the aforementioned steps to serve Mother. The CYS caseworker, though, volunteered that *she* had given Mother direct notice of the hearing. Specifically, the caseworker stated: "I was there last Thursday and I gave her a sheet of paper that said the hearing was on April 14th at 2:30 so she was notified." N.T. 4/14/2005 at 4.

¶ 7 The court deemed this "sufficient notice" and continued with the hearing *ex parte. Id.* The court found Mother in contempt and granted custody of S.M. to Father in an order dated April 14, 2005. The order further provided that custodial periods for Mother were to be arranged "by agreement of the parties or after [Mother] has filed a petition seeking such custody." According to Mother's appellate brief, she did not have contact with S.M. thereafter through at least May 18, 2005.

* Retired Justice assigned to Superior Court.

## DISCUSSION

¶ 8 In this timely appeal from the April 14th contempt and custody order, Mother submits four questions for our consideration.[1] The first issue argued by Mother, however, is dispositive of the case. Therefore, we consider only whether notice to Mother of the April 14th hearing was adequate. Under the Pennsylvania Rules of Civil Procedure and as a matter of procedural due process, we agree with Mother that it was not.

¶ 9 Formal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of her child. *See Sands v. Andino,* 404 Pa.Super. 238, 590 A.2d 761, 765 (1991) (citing *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). Both notice and an opportunity to be heard must be afforded "at a meaningful time in a meaningful manner." *Id.* As previous panels of this Court have explained: "Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant

factors from which the finder of fact may make an informed judgment." *Langendorfer v. Spearman,* 797 A.2d 303, 309 (Pa.Super.2002) (quoting *Choplosky v. Choplosky,* 400 Pa.Super. 590, 584 A.2d 340, 342 (1990)).

### -Notice of Contempt Hearing-

¶ 10 The notice requirements for custody contempt matters are set forth in Pennsylvania Rule of Civil Procedure 1915.12. Under Rule 1915.12(a), a contempt petition must begin with a section entitled "Notice and Order to Appear." It is required to: inform the respondent of the nature of the action against her; order the respondent to appear on the appointed hearing date; indicate that a warrant for the respondent's arrest may be issued if the respondent does not appear for the hearing; and warn of the penalties that could be imposed if the court finds the respondent in contempt.

¶ 11 The first page of the contempt petition filed by Father—the order to show cause dated March 17, 2005—was not in the format prescribed by the Rule and, more important, did not include the information required.[2] The order did not nec-

---

1. Appellee Father has not filed a brief with this Court. The trial court, too, has failed to file a statement pursuant to Pa.R.A.P.1925(a), which provides:

   ... Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.   .

   While an opinion or at least a statement directing us to the relevant portions of the record would have assisted us in our consideration of this appeal, we have determined that the transcripts from the hearings held on

April 14 and May 13, 2005 adequately reflect the court's reasoning. Since we are able to address the merits of the appeal without benefit of a trial court opinion, and are mindful of the pressing matters of child custody involved, we will proceed to do so. *See Fatemi v. Fatemi,* 371 Pa.Super. 101, 537 A.2d 840, 847 (1988).

2. The order states:

   And now, this 17 [*sic*] day of March, 2005, upon consideration of the foregoing Petition for Contempt, the Court grants a rule on the respondent to show cause why the attached Petition should not be enforced. Rule returnable on the 14 [*sic*] day of April, 2005 at 2:30 P.M. and a hearing to be held on the 14 [*sic*] day of April, 2005 at 2:30 P.M. . . . .

essarily make clear, from the perspective of a layperson, that Mother was required to appear at the contempt hearing. Much less would a layperson understand from the order what contempt is and what would happen to her if she were found in contempt. On its face, the order does not provide adequate notice under Rule 1915.12(a).

¶ 12 Another notice requirement for custody contempt is that, before a hearing takes place, the petition must "be served upon the respondent by personal service or regular mail." Pa.R.C.P. 1915.12(d). Service is not valid where it is made upon an attorney who represented the party to be served in unrelated matters, and who never enters an appearance in the relevant case. *Commonwealth v. Stewart*, 374 Pa.Super. 479, 543 A.2d 572, 575 (1988). In addition, a "petition" for purposes of Rule 1915.12 includes not just the notice and order to appear, but also allegations of "facts which constitute wilful failure to comply" with the custody order in question. *See* Pa.R.C.P.1915.12(b).

¶ 13 In this case, Father did not make valid service of the petition at all by mailing it to Mother's dependency attorney. *See Stewart*, 543 A.2d at 575. The "service" attempted by the CYS caseworker also failed to satisfy the Rules. The caseworker stated that she handed Mother "a sheet of paper" with the date and time of "the hearing." Thus, Mother was made aware of only a hearing date and time. She was not informed of the contempt allegations. *See* Pa.R.C.P.1915.12(b). Without service and notice of the contempt allegations, Mother could not have prepared adequately for the contempt hearing. *See Langendorfer*, 797 A.2d at 309.

¶ 14 In light of all the foregoing, we find that the notice of the contempt hearing afforded to Mother was not meaningful. When the trial court went forward with the hearing and found Mother in contempt *in absentia*, it was a violation of Mother's right to due process and an abuse of the court's discretion. *See Sands*, 590 A.2d at 765.

### -Notice of Custody Hearing-

¶ 15 When modification of custody is sought by a custody contempt petitioner, the respondent must be given particular notice of that objective. *See Langendorfer*, 797 A.2d at 308–09. Both the body of the contempt petition and the notice and order to appear must include the petitioner's request for a change in custody. *Id.* We held in *Langendorfer* that where the parties to a custody contempt matter lack advance notice that custody is to be an issue at the contempt hearing, it is an abuse of discretion for the trial court to transfer custody from one of the parties to the other. *Id.* at 306, 308–09; *see also Guadagnino v. Montie*, 435 Pa.Super. 603, 646 A.2d 1257 (1994). This is because:

> Without notice to the parties that custody was at issue, the trial court could not assume that the parties ha[d] either sufficiently exposed the relevant facts or properly argued their significance. Consequently, neither we nor the trial court can make an informed, yet quintessentially crucial judgment as to whether it was in the best interests of the [child] involved to give sole … custody to the [transferee parent].

*Langendorfer*, 797 A.2d at 309 (internal quotations marks and citations omitted).

¶ 16 Instantly, Father's request for custody was on the third page of his contempt petition. As previously established, Mother was not served with such notice. Pursuant to *Langendorfer*, the court was without power to transfer custody to Father without notice to Mother that custody was at issue. 797 A.2d at 308–09. The court

again violated Mother's right to due process and abused its discretion when it transferred custody of S.M. to Father. *See id.* 590 A.2d at 765.

## CONCLUSION

¶ 17 Because we find that the trial court abused its discretion, we vacate the contempt and custody order of April 14, 2005. As a result, the custody order of November 23, 2004 is reinstated. We note for future reference that the proper course for the trial court to have taken in this case would have been to continue the hearing and direct Father to effect proper service of the entire petition, in the proper format, upon Mother. *See* Pa.R.C.P.1915.12(d); *Fatemi v. Fatemi,* 371 Pa.Super. 101, 537 A.2d 840, 844 (1988).

¶ 18 Order vacated. Case remanded for further action consistent with this opinion. Jurisdiction is relinquished.