J-A14036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K.W. | |
| Appellant | No. 76 MDA 2016 |

Appeal from the Order Entered December 24, 2015
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-523-2014

BEFORE:  BOWES, OTT AND PLATT,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED OCTOBER 24, 2016**

On December 24, 2015, the trial court found K.W. ("Mother") in contempt of a temporary custody order and stripped her of primary physical custody of the parties' then-four-year-old-son, B.M., and three-year-old daughter, V.M.  In contrast to my esteemed colleagues, I believe that the sanction was improper.  Accordingly, I respectfully dissent from that aspect of the majority's decision.

Preliminarily, I agree with my learned colleagues' determination that the trial court did not abuse its discretion in finding Mother in contempt for surreptitiously relocating with the parties' children from Schuylkill County, Pennsylvania to Lancaster County.  Likewise, I agree with the majority's

_____

* Retired Senior Judge assigned to the Superior Court.

conclusions that Mother did not contravene an existing court order by placing B.M. in the daycare of her choice, and that remand is necessary to re-evaluate the award of counsel fees in light of our reversal of this aspect of the contempt order. However, I reject the majority's characterization of Mother's argument, which assails the trial court for modifying an existing child custody order as a sanction for her contempt, as tantamount to a "[claim] that challenges the interim custody order." Majority memorandum at 5.

The majority is correct insofar as it reiterates the well-ensconced principle that an interim custody order is not appealable. The rationale behind this precept is that, until the trial court has rendered its best-interest determination on the merits, an interim custody order is ephemeral and subject to further modification upon petition.[1] However, from my perspective, the instant order is not an interim determination of the children's best interest, and Mother does not challenge the trial court's

---

[1] I observe that Father filed a petition for custody on March 21, 2014, and the record bears out that as of January 5, 2016, the trial court struck the case from the trial list and postponed the custody trial, yet again, for the preparation of updated custody evaluations. Thus, after approximately two years of litigation, the trial court still has not confronted Father's custody complaint and no date has been set for a resolution of the custody matter that will result in a final appealable custody order addressing the children's best interest. Compare this situation with Pa.R.C.P. 1915.12(b) and (c) regarding the prompt disposition of custody cases (generally trial should be scheduled within 180 days of the custody complaint and trial shall commence within 90 days of the scheduling order).

determination of custody *per se*. In reality, the order in the case at bar is a finding of contempt and a concomitant sanction, which Mother correctly argues was entered in contravention of our jurisprudence regarding the modification of custody as a consequence of contempt.

While an order granting temporary or interim custody is interlocutory, it is beyond cavil that a present finding of contempt is final and appealable when a sanction is imposed. **Stahl v. Redcay**, 897 A.2d 478 (Pa.Super. 2006). Accordingly, I would address Mother's issue relating to the contempt sanction and find that the trial court's sanction was impermissible.

It is settled that an adjudication of contempt is not a proper basis to modify an existing custody arrangement. **See Clapper v. Harvey**, 716 A.2d 1271, 1275 (Pa.Super. 1998) ("a mother's violation of a custody order may be an appropriate foundation for a finding of contempt, but it cannot be the basis for an award of custody"); **Rosenberg v. Rosenberg**, 504 A.2d 350, 353 (Pa.Super. 1986) ("A custody award should not be used to reward or punish a parent for good or bad behavior"). This Court has confronted several cases where the trial court awarded one party custody as a sanction for the other party's contumacious conduct. **See e.g. Langendorfer v. Spearman**, 797 A.2d 303 (Pa.Super. 2002); and **Everett v. Parker**, 889 A.2d 578, 581 (Pa.Super. 2005); **cf. Steele v. Steele**, 545 A.2d 376 (Pa.Super. 1988) (noting that it is generally improper for trial court to modify custody arrangements without petition for modification before it).

The effect of this jurisprudence is that a trial court's ability to alter custody as a contempt sanction is restricted to circumstances where the responding party is given express notice that custody will be at issue during the contempt proceeding.

Pursuant to Pa.R.C.P. 1915.12(a), a contempt petition must include a section entitled "Notice and Order to Appear." The rule prescribes the form and content of the notice and order to appear. Herein, Father's petition for contempt requested a modification of custody but it lacked the required notice and order to appear as outlined by Rule 1915.12. As Father neglected to issue the required notice and order to appear, he did not provide Mother notice that the existing custody order could be modified as a consequence of the contempt proceedings. Moreover, both the original scheduling order that the trial court issued and its revised order failed to mention custody at all.

In **Everett**, **supra** at 581, we explained, "When modification of custody is sought by a custody contempt petitioner, the respondent must be given particular notice of that objective." In reaching that determination, we applied the requirement stated in **Langendorfer**, **supra**, that when modification of custody is sought by a contempt petitioner, the respondent must be given notice of that objective, both in the body of the contempt petition and in the order to appear. In **Everett**, a father filed a *pro se* contempt petition against the mother who maintained primary custody of his child. While the third page of the contempt petition requested a change in

- 4 -

the custody arrangement, the father failed to serve the petition on Mother properly. Instead, he mailed a copy of the petition to an attorney who represented mother during prior dependency proceedings and to the family's CYS caseworker. Neither the mother nor her former attorney, who never entered an appearance in the custody dispute, appeared at the contempt hearing. Nevertheless, based upon the caseworker's statement that she had provided the mother with actual notice of the date and time of the hearing, the trial court determined that the mother received sufficient notice of the father's petition. Accordingly, it held the contempt hearing *ex parte*, found the mother in contempt, and modified the existing custody order by awarding the father primary custody of his son. On appeal, we vacated the contempt order.

As it relates to the issue in the case at bar, the **Everett** Court concluded that the trial court violated the mother's right to due process by modifying the custody order as part of the contempt proceedings because the mother was denied specific notice that custody would be at stake in the contempt proceedings. Noting that the mother was not properly served with the contempt petition that implicated the custody arrangement or with the notice of the scheduled contempt hearing, we determined that the caseworker's notification to the mother concerning the time and date of the proceedings was insufficient. Specifically we reasoned, "Formal notice and an opportunity to be heard are fundamental components of due process

when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of her child." *Everett*, *supra* at 580.

As noted, we confronted a similar factual scenario in *Langendorfer*, *supra*, wherein the mother, who maintained partial physical custody of her son during the summer, filed a contempt petition against the father asserting that he had violated the existing custody arrangement. Notably, the Mother's contempt petition failed to include any request to transfer custody and the order scheduling the contempt hearing did not notify either party that custody would be an issue during the contempt proceedings. Moreover, there was no indication in the record that the trial court consolidated the mother's contempt petition with the father's previously filed motion to temporarily adjust the custody schedule. Following the contempt hearing, the trial court awarded the mother sole legal and physical custody of the child. However, relying upon the precept discussed in *Choplosky v. Choplosky*, 584 A.2d 340, 342 (Pa.Super. 1990), "without a motion to modify visitation rights before it, a trial court may not permanently alter the visitation rights of [the] parties," this Court vacated the custody order on appeal as violating the father's right to due process. We reiterated the *Langendorfer* Court's rationale in *P.H.D. v. R.R.D.*, 56 A.3d 702, 707-708 (Pa.Super. 2012) and concluded, "As in *Langendorfer*, Father here had no

notice that custody was at issue. Neither the contempt petition nor the notice and order to appear held out the prospect of custody modification."

Thus, as the foregoing discussion of relevant binding authority highlights, a trial court may transfer physical custody at the conclusion of a contempt hearing only when the respondent has been given particular notice of that objective in both the body of the contempt petition and the notice and order to appear. It is an abuse of discretion for the trial court to transfer custody from one party to the other if the parties lack advance notice that custody is to be an issue at the contempt hearing.

Instantly, Mother contends that the trial court violated her due process rights by modifying the custody order concomitant with the contempt adjudication. The crux of Mother's argument is that Father's contempt petition provided insufficient notice that custody would be at issue during the contempt proceedings. She continues that by awarding custody to Father without affording notice that the existing custody order could be modified, the trial court denied her the opportunity to defend against modification.

Father counters that Mother had notice that he sought custody as a result of her alleged contempt. He points out that his petition entreated the court to grant him custody of their children and the proposed order that he attached to his petition provided, "Plaintiff is granted primary custody until further order of court." Petition for Special Relief and Contempt, 9/23/15, at unnumbered page 2, and attached proposed order. Thus, Father contends

- 7 -

that Mother had the opportunity to prepare for the contempt proceedings and to advocate her position vis-à-vis the custody request. While the majority declines to address this issue, I would reject Father's claim that an averment in his petition and one line in the proposed order for relief satisfied the requirements we outlined in **Langendorfer**, **supra** and its progeny.

As in **Langendorfer**, there was no petition to modify custody before the trial court during the contempt proceedings, Father neglected to provide the notice and order to appear pursuant to Rule 1915.12(a), and the scheduling orders that the court issued did not disclose that the trial court would address the matter of physical custody during the contempt proceeding. While Father included a custody-related prayer for relief in his contempt petition and the proposed order that he submitted for the court's approval, Mother was not provided the requisite specific notice in both the contempt petition and the attenuate orders directing her to appear that her custody rights would be at stake. **See Everett**, **supra**. As I believe that Father's notice to Mother that he sought to modify the custody arrangement during the contempt proceedings was deficient, I would find that, absent notice of that objective, the trial court erred in modifying custody as a contempt sanction.

In addition, I disagree with the majority's alternative conclusion that the trial court issued the interim custody order pursuant to the trial court's authority under Pa.R.C.P. 1915.13. As a preliminary matter, I agree that,

under appropriate circumstances, a trial court may modify a custody order temporarily pursuant to Pa.R.C.P. 1915.13.[2] **See Choplosky**, **supra** at 343, ("'special relief' may in some cases be appropriate (and necessary) where the situation is such that, for example, temporary modification of custody or visitation rights would preserve the well-being of the children involved while the parties prepare to resolve more permanently the question of where and/or with whom the children should remain."); 23 Pa.C.S. § 5323(b) ("The court may issue an interim award of custody to a party who has standing . . . in the manner prescribed by the Pennsylvania Rules of Civil Procedure governing special relief in custody matters.").  However, even to the extent that the majority surmises that the trial court might have intended to grant special relief pursuant to Rule 1915.13, which it undoubtedly was authorized to do, the trial court did not enter an order to that effect.

---

[2]  Rule 1915.13 provides as follows:

> At any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief.  The relief may include but is not limited to the award of temporary custody, partial custody or visitation; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court.

Presently, the certified record demonstrates that the trial court did not intend to issue special relief pursuant to Rule 1915.13. In fact, contrary to the majority's supposition, the trial court unquestionably granted Father shared physical custody as an impermissible sanction for contempt. Indeed, the court explicitly directed, "[The] appropriate sanction [against Mother] is to award shared custody until the parties undergo the trial." Trial Court Order, 12/24/15, at unnumbered page 7.

For all of the foregoing reasons, I respectfully dissent from the portions of the majority decision that quash the portion of the appeal relating to the improper modification of physical custody as a contempt sanction and imply that the custody modification could have been prompted by Rule 1915.13. I would address the merits of Mother's argument and vacate the trial court's contempt order as it relates to awarding Father shared physical custody. I join all other aspects of the majority memorandum.