J-A30004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.A | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.G. | : | |
| | : | |
| Appellant | : | No. 1331 MDA 2019 |

Appeal from the Order Entered July 19, 2019
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2011-CV-6128-DC

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 02, 2020**

Appellant, M.G. ("Father"), appeals from the July 19, 2019 Order entered in the Dauphin County Court of Common Pleas that, *inter alia*, found Father in contempt of the October 12, 2017 Order for Custody and transferred primary physical custody of 15-year-old K.G. ("Child") from Father to D.A. ("Mother").  Upon careful review, we conclude that Father had sufficient notice that custody would be at issue during the July 2, 2019 contempt hearing and the trial court did not abuse its discretion when it modified the existing custody Order without a petition for modification of custody pending before the trial court.  Accordingly, we affirm.

The trial court has provided this Court with a well-written, thorough, and comprehensive Pa.R.A.P. 1925(a) Opinion, which sets forth the relevant

---

[*] Retired Senior Judge assigned to the Superior Court.

factual and procedural history of this case, and we adopt its detailed recitation for purposes of this appeal. *See* Trial Ct. Op., filed 8/29/19, at 1-27. In sum, Mother and Father were married for 7 years and are parents to Child. After the parents got divorced in 2011, Mother moved to Canada. The parents initially agreed to a custody arrangement where Father had primary physical custody of Child during the school year and Mother had partial physical custody during the summer months. Since Father remarried in 2014, the parties have had ongoing disputes regarding custody issues, co-parent therapy, Child's therapy, Child's medication, visitation with Grandparents, and more. Since 2014, both parties have filed numerous Petitions to Modify Custody and Mother has filed numerous Petitions for Contempt. The trial court has conducted numerous custody conciliation conferences, pre-trial conferences, and hearings.[1]

Most relevant to this appeal, on October 12, 2017, upon agreement of the parties, the trial court issued a Custody Order that, *inter alia*, granted Father primary physical custody and Mother partial physical custody for 5 weeks in Canada during the summer and 2 weeks in the United States during the school year. The Order compelled Child to continue in individual counseling and parents to continue in co-parent counseling. The Order also contained contempt provisions, stating that a violation of the order could result in contempt proceedings, and that "[c]ontemptuous conduct may also

---

[1] On June 10, 2016, the trial court appointed a guardian *ad litem* ("GAL") for Child.

constitute grounds for modification of the legal and physical custody provision[s] contained in this Order." Order, 10/12/17, at ¶¶ 19, 20.

On April 2, 2019, the GAL filed a Petition for Special Relief in Custody requesting that the court order Father to meet with Child's counselor. On April 29, 2019, Mother filed a Petition for Contempt against Father, her third, asserting that Father and Stepmother continue to violate the October 12, 2017 Custody Order and requesting that the trial court transfer primary physical custody from Father to Mother. Mother attached a Pa.R.C.P. 1915.12(a) Notice to the Petition, which stated, "[y]ou may lose money or property, or other rights important to you, including child custody, or child visitation." Contempt Petition, 4/29/19, at unpaginated 1.

On May 2, 2019, the trial court held a status conference. On May 10, 2019, following the status conference, the trial court issued a Scheduling Order, which scheduled an *in camera* interview of Child on May 16, 2019, and stated, "a Custody hearing is scheduled for Tuesday, July 2, 2019, at 9:00 A.M." Scheduling Order, 5/10/19. On the same day, the trial court issued an Order stating, "upon consideration of Mother's Petition for Contempt, IT IS HEREBY ORDERED that the contents of the Petition shall be addressed during the Custody Hearing currently scheduled for Tuesday, July 2, 2019" Order, 5/10/19.

On June 24, 2019, Father filed a Motion for Continuance of Contempt Hearing because he had a vacation scheduled for July 2, 2019. On June 25,

2019, the trial court issued an Order that denied Father's Motion and stated, "the Custody Hearing remains scheduled for July 2, 2019." Order, 6/25/19.

On June 29, 2019, Mother filed a Pre-Trial Statement listing "change in custody" as an issue expected to arise at the hearing and requesting that the trial court "transfer primary physical custody to [Mother]." Pre-Trial Statement, 6/28/19, at ¶¶ 8(r), 9, 14.

On July 19, 2019, after a hearing, the trial court issued an Order that found Father in contempt of the October 12, 2017 Custody Order and transferred primary physical custody of Child to Mother.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issue for our review:

Whether the [c]ourt erred as a matter of law, abused its discretion and violated Father's due process rights in a civil contempt proceeding, by ordering as a sanction against Father an complete transfer of primary physical custody from Father to Mother, thereby modifying an existing Custody Order, where no Petition for Modification of Custody Order was pending before the [c]ourt, only a contempt petition which gave no notice that custody was at issue.

Father's Br. at 7.

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). Likewise, we review a trial court's finding on a contempt petition for an abuse of discretion. *P.H.D. v. R.R.D*., 56 A.3d 702, 706 (Pa. Super. 2012). This Court must accept the findings of the trial court

- 4 -

that the evidence supports, and defer to the trial judge regarding credibility and weight of the evidence. *S.W.D.*, 96 A.3d at 400*.* "We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings." *Id.* Finally, the primary concern in any custody case is the best interests of the child. *D.K.D. v. A.L.C.*, 141 A.3d 566, 572 (Pa. Super. 2016). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. *Id.* (citations omitted).

Father avers that the trial court abused its discretion and violated his due process rights when it modified the October 12, 2017 Custody Order without a petition for modification of custody pending before the trial court. Father's Br. at 9, 15. Father argues that because Mother filed a Petition for Contempt, rather than a petition to modify custody, Father did not receive proper and formal notice that custody was at issue. *Id.* at 14. We disagree.

Formal notice and an opportunity to be heard are fundamental components of due process when a legal proceeding may deprive a person of a liberty interest, including custody of a child. *Everett v. Parker*, 889 A.2d 578, 580 (Pa. Super. 2005). "Both notice and an opportunity to be heard must be afforded at a meaningful time in a meaningful manner." *Id.* (citations and internal quotation marks omitted). "Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed

judgment." **Langendorfer v. Spearman**, 797 A.2d 303, 309 (Pa. Super. 2002) (quoting **Choplosky v. Choplosky**, 584 A.2d 340, 342 (Pa. Super. 1990)).

"The notice requirements for custody contempt matters are set forth in Pennsylvania Rule of Civil Procedure 1915.12." **Everett**, 889 A.2d at 580. Under Rule 1915.12, a contempt petition must "begin with a notice and order to appear[.]" Pa.R.C.P. 1915.12(a). The rule prescribes the form and content of the Rule 1915.12 Notice and requires, *inter alia*, that the petitioner warn respondent of the penalties that the trial court could impose if the court finds respondent in contempt. **See** Pa.R.C.P. 1915.12(a); **Everett**, 889 A.2d at 580 (Pa. Super. 2005).

We acknowledge that, "generally, the appropriate manner in which to request a modification of a custody order is to file a petition for modification in compliance with Pa.R.C.P. 1915.15[.]" **C.A.J. v. D.S.M.**, 136 A.3d 504, 507 (Pa. Super. 2016). "However, this does not prevent the trial court, under appropriate circumstances to alter a custody/visitation Order when it is in the best interest of the child to do so." **Id.** (quoting **Guadagnino v. Montie**, 646 A.2d 1257, 1262 (Pa. Super. 1994)). This Court has held, "if notice of the proceeding adequately advises a party that custody will be at issue, a court may entertain the request to permanently modify a custody order after hearing in that proceeding." **S.W.D.**, 96 A.3d at 405–06.

In **C.A.J.**, an analogous case, this Court concluded that the mother had proper notice that custody would be at issue during a contempt proceeding

where: (1) the father filed a petition for contempt expressly stating that the was seeking primary physical custody of his child, (2) the trial court ordered the father and mother to appear at a pre-hearing custody conciliation conference, and (3) the issue of custody was the focus of the contempt hearing. *C.A.J.*, 136 A.3d at 509. Thus, because the mother had proper notice that custody would be at issue, this Court held that the trial court did not abuse its discretion when it modified the existing custody order without a pending petition to modify custody. *Id.*

Here, likewise, Father had proper notice that custody would be at issue during the hearing in question. The October 12, 2017 Custody Order states that a finding of contempt could result in a change of custody, Mother's Petition for Contempt clearly requests a change in primary physical custody, and the attached Rule 1915.12 Notice warns that the recipient of the Petition may lose child custody or visitation. The trial court scheduled a status conference to discuss the issues raised in the Petition and, as a result of the conference, issued two orders that scheduled a "custody hearing." The trial court subsequently issued a third Order that denied Father's request for a continuance and stated that the "custody hearing" would proceed as scheduled. Finally, Mother's Pre-Trial Statement requests a transfer of primary physical custody and specifically lists "change in custody" as an issue expected to arise at the hearing. Accordingly, Father had proper notice that custody would be at issue during the July 2, 2019 hearing and, thus, the trial

court did not abuse its discretion when it modified the October 12, 2017 Custody Order without a petition for custody pending.

Father cites *Langendorfer*, *P.H.D.*, and *Everett*, discussed *supra*, to support his argument that he did not have adequate notice that custody would be at issue during the July 2, 2019 hearing and the trial court abused its discretion when it modified custody. We acknowledge that in those cases, this Court determined that a parent did not receive adequate notice that custody would be at issue during a contempt proceeding and, thus, held that the trial court abused its discretion when it modified custody. *See Langendorfer*, 797 A.2d at 308-09; *P.H.D.,* 56 A.3d at 708; *Everett*, 889 A.2d at 580-81. However, all three cases offer factual circumstances that are vastly different from the instant case and, thus, provide no support to Father's argument.

In *Langendorfer*, the pending petition for contempt did not request a modification in custody and the subsequent scheduling orders did not reference custody. *Langendorfer*, 797 A.2d at 308-09. In *P.H.D.*, the pending petition for contempt did not request a modification in custody and the Rule 1915.12 Notice did not reference custody. *P.H.D.,* 56 A.3d at 708. Finally, in *Everett*, the Rule 1915.12 Notice attached to the pending petition for contempt did not warn that custody rights might be lost and the petition for contempt was not properly served. *Everett*, 889 A.2d at 580-81.

Here, as discussed above, the Petition for Contempt, the Rule 1915.12 Notice, and the scheduling Orders **all specified that custody would be at issue** during the July 2, 2019 hearing and Father has not raised any challenge

to their service. Thus, Father's reliance on **Langendorfer**, **P.H.D.**, and **Everett** is misplaced and his argument is unpersuasive.

Accordingly, for the reasons discussed above, we conclude that Father had adequate notice that custody would be at issue during the July 2, 2019 hearing and, thus, we find that the trial court did not abuse its discretion when it modified the trial court's October 12, 2017 Custody Order. In light of our disposition, we lift the stay of the trial court's July 19, 2019 Order.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/02/2020

---

[2] Mother's Application for Extension of Time to File Brief is denied as moot as Mother filed a timely Brief on October 28, 2019.