J-S13027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| T.L.G. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| J.D.G. | : | No. 1835 MDA 2019 | |

Appeal from the Order Entered October 9, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-15-05580

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 08, 2020**

Appellant, T.L.G. ("Mother"), appeals from the October 9, 2019 Order entered in the Lancaster County Court of Common Pleas that, *inter alia*, awarded J.D.G. ("Father") sole legal custody of R.G. ("Child") with respect to decisions regarding Child's education and mental health.  Upon careful review, we conclude that Mother did not have sufficient notice that custody would be at issue during the hearing on Mother's Petition for Special Relief, and, therefore, the trial court abused its discretion when it modified the existing custody Order without a petition for modification of custody pending. Accordingly, we vacate and remand.

_____

[*] Retired Senior Judge assigned to the Superior Court.

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, Mother and Father are parents to 12-year-old Child and her 10-year-old sibling, J.G. The parents have lived separately since 2015 and, pursuant to a July 2016 Custody Order, share legal and physical custody of the children. In May 2017, the parties filed a joint Petition for Modification to alter Child's summer custody schedule and, in June 2017, the trial court issued an Order incorporating the parties' stipulation.

Child has a history of mental health issues, which began to escalate in the beginning of 2019. From January 2019 to July 2019, to address her mental health issues, Child was taken to the emergency room approximately five times, required two inpatient hospitalizations, and participated in three outpatient day programs. Mental health providers diagnosed Child with generalized anxiety disorder, intermittent explosive disorder, and obsessive-compulsive disorder. In May 2019, the parents and Child began family based therapy; nevertheless, Child's mental health issues continued to escalate. The parents agreed to send Child to the Trails Carolina Residential Wilderness Therapy Program ("the Trails Program") in Asheville, North Carolina. Child attended the Trails Program for approximately 90 days from June 2019 to September 2019, when she was ready to graduate. The parents disagreed upon where Child should attend school upon graduation from the Trails Program. Mother wanted to follow the recommendation from the Trails Program and send Child to a therapeutic boarding school in North Carolina,

while Father wanted Child to attend public school with in-school and out-of-school therapeutic services.

On September 10, 2019, Mother filed Petition for Special Relief requesting that the trial court enter an order "mandating the parties to follow the recommendations of the medical professionals and to enroll [Child] in in the Asheville Academy for Girls immediately." Petition, 9/10/19, at 3 (unpaginated). In response, on September 19, 2019, the trial court issued an Order that stated "in consideration of the within Petition, a hearing is scheduled on the 7th of October, 2019[.]"[1] Order, 9/17/19.

On October 7 and 8, 2019, the trial court held a hearing on Mother's Petition. At the beginning of the hearing, the trial court stated on the record:

> So the Order I will likely issue coming out of this hearing would award sole legal custody to one or the other of you to make that decision and that my choice is based on my best assessment of who has done the most to study the issues, present the information and analyze the information, and whose decision is most firmly grounded in what is in the best interest of [Child].

N.T. Hearing, 10/7/19, at 3-4. Mother and Father both testified and submitted exhibits. At the end of the hearing, the trial court did not place a decision on the record. Instead, the trial court informed the parties that it would issue a decision by the end of the day.

On October 8, 2019, the trial court issued an Order that, *inter alia*, granted Father sole legal custody of Child with respect to decisions regarding

---

[1] The Order is dated September 11, 2019, but the trial court did not file the Order until September 17, 2019.

Child's education and mental health.  The Order stated that parents should continue to share legal custody with "respect to all other aspects of legal custody pertaining to [Child]."  Order, 10/8/19, at 1.

Mother timely appealed.  Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issue for our review:

Did the court err when it granted sole legal custody to Father after a hearing on Mother's Petition for Special Relief when no underlying Petition for Modification had been filed?

Mother's Br. at 6 (some capitalization omitted).

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad."  *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014).  This Court must accept the findings of the trial court that the evidence supports, and defer to the trial judge regarding credibility and weight of the evidence.  *Id.*  "We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings."  *Id.*

Finally, the primary concern in any custody case is the best interests of the child.  *D.K.D. v. A.L.C.*, 141 A.3d 566, 572 (Pa. Super. 2016).  "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being.  *Id.* (citations omitted).

Mother avers that the trial court abused its discretion and violated her due process rights when it modified the prior custody Orders without a petition for modification of custody pending before the trial court. Mother's Br. at 23-24. Mother argues that because she filed a Petition for Special Relief asking the court to adjudicate a discrete schooling issue, rather than a petition to modify custody, she did not receive proper and formal notice that custody was at issue. *Id.* at 14. We agree.

"Formal notice and an opportunity to be heard are fundamental components of due process when a legal proceeding may deprive a person of a liberty interest," including the custody of a child. *Everett v. Parker*, 889 A.2d 578, 580 (Pa. Super. 2005) (citation omitted). "Both notice and an opportunity to be heard must be afforded **at a meaningful time in a meaningful manner**." *Id.* (citations and internal quotation marks omitted; emphasis added).

"Notice, in our adversarial process, ensures that each party is provided adequate opportunity to prepare and thereafter properly advocate its position, ultimately exposing all relevant factors from which the finder of fact may make an informed judgment." *Langendorfer v. Spearman*, 797 A.2d 303, 309 (Pa. Super. 2002) (quoting *Choplosky v. Choplosky*, 584 A.2d 340, 342 (Pa. Super. 1990)). If the parties do not receive proper notice that custody is at issue, a trial court cannot "assume that the parties had either sufficiently exposed the relevant facts or properly argued their significance." *Langendorfer*, 797 A.2d at 309 (citation omitted). Consequently, the trial

court cannot make an informed decision about what custody determination is the best interests of the child. ***Id.***

We acknowledge that, "generally, the appropriate manner in which to request a modification of a custody order is to file a petition for modification in compliance with Pa.R.C.P. 1915.15[.]" ***C.A.J. v. D.S.M.***, 136 A.3d 504, 507 (Pa. Super. 2016). However, "this does not prevent the trial court, under appropriate circumstances to alter a custody/visitation Order when it is in the best interest of the child to do so." ***Id.*** (quoting ***Guadagnino v. Montie***, 646 A.2d 1257, 1262 (Pa. Super. 1994)). This Court has held, "if notice of the proceeding adequately advises a party that custody will be at issue, a court may entertain the request to permanently modify a custody order after hearing in that proceeding." ***S.W.D.***, 96 A.3d at 405–06.

In ***Langendorfer***, an analogous case, this Court determined that a parent did not receive adequate notice that custody would be at issue during a contempt proceeding where (1) the pending petition for contempt did not request a modification in custody, and (2) the subsequent scheduling orders did not reference custody. ***See Langendorfer***, 797 A.2d at 308-09. Thus, because the parent did not have proper notice that custody would be at issue, this Court held that the trial court abused its discretion when it modified the existing custody order without a pending petition to modify custody. ***Id.***

Here, likewise, Mother did not have proper notice that custody would be at issue during the hearing in question. Mother's Petition for Special Relief does not request any change in custody; rather, it asks the court to adjudicate

a discrete issue regarding Child's schooling. Moreover, the trial court's scheduling order did not reference custody. Accordingly, Mother did not have proper notice that custody would be at issue during the October 2019 hearings and, thus, the trial court abused its discretion when it modified the prior custody Orders without a petition for custody pending.

The trial court opines that it gave Mother and Father adequate notice of its intent to grant sole legal custody to one parent at the beginning of the hearing – once in chambers and once on the record. Trial Ct. Op., 12/10/19, at 2-3. The trial court further concludes that because Mother did not object to this last-minute notice, she has waived the issue. *Id.* at 17. We disagree.

The trial court did not provide notice that legal custody of Child was at issue "at a meaningful time and in a meaningful manner" to ensure that Mother had adequate opportunity to prepare and advocate for her rights. *Everett*, 889 A.2d at 580; *Langendorfer,* 797 A.2d at 309. Instead, the trial court informed parties at the beginning of the hearing that custody was "likely" at issue, affording Mother no advance time to prepare or properly advocate. Moreover, we reject the trial court's suggestion that Mother had an obligation to object to the trial court's improper and indefinite notice that it **might** grant sole legal custody to one parent. In fact, the trial court did not inform Mother that it definitively decided to grant sole legal custody to Father until it issued its Order after the hearing. Thus, we decline to find this issue waived.

In conclusion, the trial court violated Mother's due process rights when it awarded Father sole legal custody over Child's education and mental health

decisions, and without giving Mother proper notice that custody was at issue during the hearing on Mother's Petition for Special Relief. Without proper notice, the parties were unable to advocate properly and the trial court could not make a fully informed decision as to whether it was in Child's best interest to grant Father sole legal custody over Child's mental health and educational decisions.[2]

For the foregoing reasons, we find that the trial court abused its discretion when it modified the existing custody order without proper notice. Accordingly, we vacate the October 9, 2019 Order and remand for a decision on Mother's Petition for Special Relief.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/08/2020

---

[2] We note that the trial court failed to engage in an analysis of the Section 5328 custody factors to determine whether granting sole legal custody to Father was in Child's best interest. *See* 23 Pa.C.S. § 5328. Even if we concluded that the parties had proper notice, this Court would be compelled to vacate and remand for this reason. *See C.M. v. M.M.*, 215 A.3d 588, 594 (Pa. Super. 2019) (vacating the custody order and remanding the matter for the trial court to review and consider the Section 5328 factors on the record or in a written opinion when ordering a form of custody).