476 A.2d 961

**Donna J. MELLOTT**

v.

**Chalmer M. MELLOTT, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1983.

Filed May 11, 1984.

Gary D. Wilt, McConnellsburg, for appellant.

George Edgar J. Wenger, Jr., Chambersburg, for appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the order which refused to hold the mother, appellee Donna J. Mellott, in contempt of court for failure to comply with court orders conferring visitation rights on the father, appellant Chalmer M. Mellott. Appellant also argues that the trial court erred in not granting custody of the parties' two daughters, Angela Dawn, age fourteen, and Dana, age thirteen, to him.

The parties married in 1968 and separated in 1981. On November 27, 1981, appellant presented his petition for custody of the girls. On February 12, 1982, the court ordered that the appellant have custody/visitation every third weekend from six p.m. Friday to six p.m. Sunday. When this arrangement did not work out, such that appellant saw his daughters only infrequently and for very short

periods of time, appellant petitioned on April 20 and June 11, 1982 for a rule to show cause why appellee should not be held in contempt of court for failing to facilitate and obstructing his visits with the girls. On June 17, 1982, the trial court ordered that all four Mellotts attend counselling sessions, at the conclusion of which the counselor made certain recommendations. On July 12, 1982, the trial court, relying on a report by the counselor, entered the following order:

July 12, 1982, it appearing to the Court after a report from Dr. James W. Nutter that the parents are still at odds to a significant degree; that Angela Mellott, the older daughter, is still refusing to visit with her father and that a period of short-time visits between the children and their father is required.

IT IS ORDERED that on July 16, 1982, the mother shall have the children ready to go with their father for a visit of one hour and a half commencing at 7:00 p.m. and that such periods of visitation shall continue through September 17, 1982. Thereafter, it is ordered that the children shall visit with their father from 7:00 p.m. Friday evening until 10:00 a.m. Saturday morning, such visitation to continue through November 13, 1982.

IT IS FURTHER ORDERED that beginning November 26, 1982, and every other weekend thereafter, the children shall visit with their father from 6:00 p.m. on Friday to 7:00 p.m. on Sunday, with the father to provide all transportation for all visits.

It shall be the obligation of the mother to have the children ready for such visits and to encourage them to participate in the plan hereby ordered. While in the presence of the children neither of the parents shall make any remarks or do anything which can in any way be construed as derogatory or uncomplimentary to the other and it shall be the duty of each parent to uphold the other parent as one whom the children should respect and love.

It is further ordered that the family shall continue in consultation with Dr. Nutter according to the program which he prescribes.

Then, on July 28, 1982, appellant filed yet another petition for a rule to show cause why the mother should not be held in contempt for failure to abide by the order of the court. By order of September 24, 1982, the court set a hearing for October 5, 1982, on appellant's three petitions and on his original petition for custody of the girls of November 27, 1981.

The hearing was conducted as scheduled. Appellant, appellee and the children were all represented by attorneys. Appellant testified on his behalf; also testifying for him were his sister, Esta Pittman, and a friend and current landlord, Garnet Snyder. Counsel stipulated that another sister would testify in substantially the same way as the one who did.

Donna Mellott testified at this hearing; also Fern Mellott, who identified herself as appellant's sister-in-law. Angela and Dana, the children, also testified.

Testimony was elicited as to the difficulties surrounding appellant's visitations with his daughters. Prior to one weekend in April, appellee called appellant to tell him that the girls had other plans and would not be coming to visit on the scheduled weekend. He tried to locate them all weekend, but to no avail. Two weekends after that the girls refused to go with their father. On another scheduled visit in July, appellee permitted Angela to go to Canada and Dana refused to see her father. Appellant testified that his wife refused to encourage the girls to spend time with him. She herself admitted that the girls have been through a lot with the break-up of their parents' marriage and that she did not want to force them to see their father. She testified that the girls threatened to run away from home if she pressured them too much.

Testimony also established the parties' respective descriptions of their living situations, their fitness to be custodial parents, and the preferences of Angela and Dana.

In its opinion, filed February 3, 1983, the court discussed only the contempt petitions. In refusing to hold Mrs. Mellott in contempt, the court, amended its July 12, 1982,

order. Apparently assuming that the responsibility for Mrs. Mellott's non-cooperation with Mr. Mellott resulted from the vagueness of the court's original order, the court amended its order as follows:

It shall be the obligation of the mother to have the children ready for such visits and to exert reasonable authority over them and to require them to obey the lawful Order of this Court. She must not only see that they are ready to visit with their father, but must actively participate in seeing that they go with him at the times of his visits with them, imposing punishment of her own if the girls refuse to go. While in the presence of the children, neither of the parties shall make any remarks or do anything which can in any way be construed as derogatory or uncomplimentary to the other and it shall be the duty of each parent to uphold the other parent as one whom the children should respect and love.

In all other respects the Order of July 12, 1982, remains in full force and effect.

Taking first appellant's allegation that the trial court erred in not finding appellee in contempt of court, we are cognizant of placing great reliance on the sound discretion of the trial judge. *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977); *Commonwealth ex rel. Ermel v. Ermel*, 322 Pa.Superior Ct. 400, 469 A.2d 682 (1983).

■ By its amending its original order, the court, in effect, was acknowledging that appellee was not complying in the way the court intended as regards to appellant's visitation rights. However, rather than finding that she was in contempt, the court clarified and expanded its order. We can find no abuse of discretion in the court's refusal to find her in contempt.[1]

1. Given our disposition of this issue, it is unnecessary for us to address appellant's second issue regarding whether custody maybe transferred when a parent has been found in contempt. In any event, it is clear that it may in such a situation. *Pamela J.K. v. Roger D.J.* 277 Pa.Superior 579, 419 A.2d 1301 (1980).

■ As for appellant's issue regarding who should have custody of the girls, we find the trial court has never adequately addressed that question through all of the proceedings below. In its order which set the date for the hearing, the court clearly set forth appellant's custody petition as one of the subjects to be addressed at the hearing. Counsel for both sides presented testimony which the court could consider in determining who should be awarded custody.[2] However, the judge who presided at the hearing, and who issued its opinion thereupon, discussed only the contempt issue with no mention of custody.

■ Then, after appellant filed his statement of matters complained of on appeal under Pa.R.A.P. 1925(b), the hearing judge became disabled and unable to perform any judicial functions. Another judge reviewed the record and found that appellant waived his arguments as to custody in that

> [h]ad the defendant/father desired appellate review of Judge Eppinger's shared custody decision of July 12, 1982, it was incumbent upon him to seek his relief in [the Superior] Court above by following the appropriate appeal procedures within thirty (30) days of July 12, 1982, rather than seeking an enforcement of his shared custody rights on July 27, 1982, in this [trial] court.

We disagree. The order of July 12, 1982, was not the product of a hearing nor resulting from specific findings of the lower court. It was, in effect, the court's adoption of the report of a court counselor. Moreover, that same court explicitly stated in its order of September 24, 1982, setting the hearing date of October 5, 1982, that appellant's original custody petition was to be considered at the hearing. We therefore cannot agree with the second trial court's conclusion that

---

**2.** When a custody dispute is between parents, regard must first be had to "the fitness of such parent and the best interest and permanent welfare of" the children. 48 P.S. § 92; *In Re: Custody of Hernandez,* 249 Pa.Superior 274, 376 A.2d 648 (1977).

"[a]t the hearing, Judge Eppinger decided to admit evidence on the matter of custody because had Mrs. Mellott been found in contempt of the shared custody order, another possible sanction would have included a change of custody."

Custody, in its own right, was an issue on October 5, 1982.

So we are faced with a breakdown in this case in the first stage of the appellate process in a child custody case, the procedural stage. *In Re: Donna W. and Edward W., en banc* 325 Pa.Superior Ct. 39, 472 A.2d 635 (1984).

At the first, procedural, stage of the appellate process, the appellate court examines the record to determine whether the trial court has satisfied the several procedural requirements incident to the entry of a custody award. To enable the appellate court to exercise its independent judgment, the trial court must make a complete record. This means that the record must contain testimony adequate to illuminate the circumstances of the parties. There should be testimony by interested and disinterested witnesses alike.

The appellate court also considers at the procedural stage whether the trial court has filed a complete and comprehensive opinion, including findings of fact and reasons for the award. If the record is otherwise complete, it may not be necessary to remand for a comprehensive opinion, but often remand is necessary to enable us to exercise our independent judgment.

*Id.,* 325 Pa.Superior Ct. at pp. 51–52, 472 A.2d 635. (citations omitted).

While a hearing did occur in which a complete record was arguably developed, we cannot proceed to determine the custody issue in this case on facts elicited almost seventeen months ago. Moreover, it is necessary for the trial court to provide us with a comprehensive opinion on the issue of custody based on current facts as found from a new hearing on this issue, if the parties still desire to contest custody.

Therefore, for the reasons stated above, the order of the court refusing to hold appellee in contempt of court is affirmed. On the issue of custody, this case is remanded for a new hearing and the filing of a comprehensive opinion, including findings of fact and reasons for the award.