545 A.2d 376 .

**Deborah J. STEELE**

v.

**Bryan R. STEELE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1988.

Filed Aug. 5, 1988.

Barry L. Smith, Warren, for appellant.

Scott G. Casher, Cresson, for appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

TAMILIA, Judge:

Appellant is the father of two children, a six year old boy and four year old girl, who reside with their mother, the appellee. Prior to the parties' divorce, an agreement by the parties was reduced to an Order of court, in which appellant was granted liberal visitation with the children while appellee was granted permanent legal and physical custody. Pursuant to the Order, entered April 7, 1986, appellant had visitation from noon until 6:00 p.m. each Sunday and from 6:00 p.m. Friday until 5:00 p.m. Sunday every third weekend of each month. From the date of the Order through the date appellant filed his petition for contempt, November 13, 1987, the parties have been unable to amicably cooperate in practically all matters pertaining to the children. Appellant, the more aggressive of the two, was charged with four counts of harassment by communication stemming from phone calls made to appellee, for which he was placed on probation. His parole was revoked on June 6, 1986 and appellant was sentenced to the county jail for six to forty-eight months. He was also ordered to undergo mental health counselling because of letters written to the trial judge which evidenced severe emotional distress.

Appellant filed his petition for contempt claiming appellee repeatedly denied his rights to visitation without cause. During a hearing on the matter on December 14, 1987, appellant claimed he had been denied the right to see his children since September because appellee was having trouble controlling the children and said it was appellant's fault. Appellant admitted he harassed appellee for which he was convicted of violating a protection from abuse order but he claims he no longer does those things. Appellee stated appellant had the children in September and October but not at all in November because he hadn't requested them. Appellee did deny appellant's request for the boy on October 17 because appellant wanted to take his son squirrel hunting and appellee thought it was inappropriate to ask for just one child. She also thought her son was too young to be taken on a hunting trip. Appellant wanted to take the children trick or treating on a non-visitation weekend but appellee refused to let them go; she had told her son he could not go trick or treating that year because he had stolen a gun from a department store. Appellee testified appellant has harassed her and used vulgar language in front of the children and gave his daughter a doll with a penis. She also stated appellant spit on her twice, at least one time with the children present.

The trial court denied appellant's petition for contempt and instead issued a new visitation Order limiting appellant's visits with his children to one day a month under supervision by Children and Youth Services (CYS). The judge ordered both parties to attend parenting classes offered by CYS, thereafter permitting more frequent visitation by appellant if CYS believed it would benefit the children. He would also be permitted visitation with the children without CYS supervision if the agency thought it was appropriate and within the children's best interest. It is from this Order appellant appeals raising four issues: 1) whether the trial court abused its discretion in not holding appellee in contempt; 2) whether the termination of the prior visitation/custody Order was in the best interest of the children; 3) whether the new Order which limited appel-

lant's visitation to one day per month was the least restrictive alternative; and 4) whether the issue of modification of the prior custody/visitation Order was properly before the court and was appellant denied due process thereby.

■ We disagree with appellant's first claim that the trial court abused its discretion by not holding appellee in contempt. A trial court's finding on a contempt petition is not going to be disturbed absent an abuse of discretion. *Kozlowski v. Kozlowski*, 362 Pa.Super. 516, 524 A.2d 995 (1987). In *Mellott v. Mellott*, 328 Pa.Super. 200, 476 A.2d 961 (1984), the wife allowed her children to go away on several weekends which were scheduled for visits by the father. We upheld the trial court's finding of noncontempt by stressing we place great reliance on the trial judge's discretion. We have considered the testimony of both parties and can find no reason to call the court's decision an abuse of discretion. Appellee denied appellant's requests for the children twice—once because she disapproved of her five year old son going squirrel hunting and once, which was not appellant's weekend for visitation, because her son could not go trick or treating as punishment for stealing. Thus we believe the trial court was correct in rejecting appellant's contempt petition.

■ We agree with appellant, however, that the trial court improperly vacated its April 7, 1986 custody/visitation Order.

Procedurally, this case presents two issues which have not been fully dealt with by counsel for either party or the trial judge. The first is whether, during a contempt hearing, the court can modify a visitation Order; the second being whether the court may order Children and Youth Services to assume supervision of children as a result of a contempt hearing arising from a custody visitation Order. Here, the trial court modified the custody Order and directed visitation with the father to be supervised by CYS and the parents to attend parenting classes offered by CYS. As to the modification Order, we hold the court erred only in a technical way but not in substance. We agree with appel-

lant that the appropriate manner to bring about a change in a custody/visitation Order is by petition for modification, which would follow, generally the procedure under Pa.R. C.P. 1915.3, Commencement of Action. However, this does not prevent the trial court, under appropriate circumstances to alter a custody/visitation Order when it is in the best interest of the child to do so. Recognizing that circumstances may change abruptly, and to provide for a means to bring about emergency relief that is traditionally available under the writ of habeas corpus, the Rules of Civil Procedure provide for special relief as follows:

### Rule 1915.13. Special Relief

At any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief. The relief may include but is not limited to the award of temporary custody, partial custody or visitation; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court.

■ Thus, while the court could not act to modify the visitation Order permanently without a petition to modify, the trial court properly recognized he had the authority to suspend the visitation Order because of the violent and irrational tendencies of the appellant and to protect the child during visitation by having visits supervised by CYS. Likewise, the court realized the parents would not be capable of resolving their conflicts without counselling and appropriately directed them to attend parenting classes with CYS. The form of the Order modifying visitation was incorrect, as under Rule 1915.13, it should be a temporary Order, in effect, suspending the prior Order until the program specified by the court was satisfactorily completed and/or a new permanent custody Order was entered, pursuant to a petition for modification. The due process requirements for custody proceedings must be closely adhered to

to assure that in local as well as intercounty/interstate custody actions the proper foundation is present for the frequently hotly litigated, sometimes tumultuous, subsequent proceedings. Thus the custody Order entered on April 7, 1986 is reinstated but is suspended temporarily to fulfill the directions of the trial court in its Order of December 14, 1987 (filed December 17, 1987). Upon remand, appellant may petition for review of the December 14, 1987 Order, and the trial court may set the review date in its discretion at a point in time when it believes sufficient progress may have been achieved.

As to the second issue, while it is improper to place a child under the supervision of CYS, as its ward, without a dependency petition, hearing and adjudication under the Juvenile Act, as opposed to a custody petition, *see Helsel v. Blair Co. CYS*, 359 Pa.Super. 487, 519 A.2d 456 (1986), we believe the trial court acted properly. Under the facts presented here, the trial court is using the services of CYS as it would any other available counselling service, private or public. No Order of supervision pertinent to the Juvenile Act was made, indeed none was claimed, thus no error exists.

As to the other issues raised by appellant, they have been, in most respects, answered above, and as to the remedy fashioned by the court, we can find no fault as we believe Judge Wolfe acted in a wise and prudent fashion for the best interest of the children and there is no abuse of discretion. His was the least restrictive (and detrimental) alternative available. It now remains with the parents to act responsibly and to put their lives and relationships to the children in order, for their mutual benefit. Therefore, we modify the Order of December 14, 1987 causing it to be a temporary rather than permanent Order, pursuant to Pa.R.C.P. 1915.13, and remand for the trial court to reinstate the April 7, 1986 custody/visitation Order.

Order affirmed in part and modified in part; remanded for reinstatement of the April 7, 1986 Order. Jurisdiction relinquished.