J-A10043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ALISHA M. SPOSATO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY SPOSATO, II | : | No. 2646 EDA 2025 |
| | : | |

Appeal from the Order Entered October 3, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-003763

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 21, 2026**

Alisha M. Sposato, Mother and Appellant, appeals the order entered in the Court of Common Pleas of Delaware County on October 3, 2025, reappointing Jordan Reilly, Esquire, as guardian *ad litem* in the ongoing custody dispute between Appellant and Anthony Sposato, II, Father and Appellee. After a careful review, we affirm the order and remand for the trial court to determine appropriate appellate attorneys' fees to be paid by Appellant to Appellee.

The trial court aptly summarized the facts and procedural history as follows:

> This case has been extensively litigated. The case has been described as "a Greek tragedy" and compared to a Dicken's novel.

_____

[*] Former Justice specially assigned to the Superior Court.

This is the third appeal to the Superior Court filed by the appellant since December, 2024. This appeal involved the reappointment of a Guardian Ad Litem ("GAL") who has effectively served in this case since 2022. Counsel for the Appellant specifically confirmed and agreed on the record at a Status Conference that the undersigned had the authority to reappoint the GAL. Despite counsel's express agreement, he filed the instant appeal [on Mother's behalf]. The Appellant's appeal is without merit and the reappointment of the GAL should be affirmed.

This custody case involves three minor children [ ] (the "Children"). The Appellant has made multiple allegations of physical abuse against Father. Father claimed Mother has been alienating the Children from him. Judge Klein described this case as "a Greek tragedy." On December 12, 2024, following 8 days of trial, Judge Klein issued a detailed 11-page Final Custody Order ("FCO"), and an additional 68-page Findings of Facts and Conclusions of Law ("Findings"). *See* Document 277.

Judge Klein found that there was no credible evidence that Father had physically abused the Children. Judge Klein also found that the Appellant had engaged in parental alienation that need[ed] to stop. Judge Klein awarded the parties joint legal custody, the Appellant primary physical custody and Father escalating partial physical custody. The court also ordered that the Children undergo counseling. *See* Document 277. On January 16, 2025, the Appellant filed a timely appeal to the Superior Court of the FCO. *See* Documents 282, 283, and 284, as well as Superior Court Docket Number 189 EDA 2025. On October 10, 2025, the FCO was affirmed by the Superior Court. *See* 189 EDA 2025. In affirming the FCO, the Superior Court quoted the following description of the case:

> The [trial c]ourt has repeatedly remarked that this matter is reminiscent of Charles Dickens' Bleak House. It is also reminiscent of a Greek tragedy. The conflict between the parties has been long and profound. The [trial c]ourt has found itself with a bird's eye seat to witness the emotional and psychological impact on both parents. Most importantly, the [trial c]ourt has witnessed the adverse psychological and emotional impact of the parties' inability to resolve this custody dispute has had on the [C]hildren. Notwithstanding the best efforts of multiple mental health providers, experts, the attorneys, [and] the guardian ad

litem [("GAL")], the chasm between these parties has become deeper, with Mother [] seeking that Father's physical custody be supervised.

Despite multiple days of trial, the crux of this dispute can be easily summarized: each parent considers that the other parent poses a safety risk. Mother alleges that Father suffers from fits of rage, is abusive and has proved himself an indifferent father. Child[L]ine . . . reports alleging abuse have also been filed during the pendency of this custody action. Mother claims [the c]hildren are not safe with Father.

On the other hand, Father denies that he suffers from fits of rage. Further, he alleges that all of the investigation of the allegations of child abuse have also been deemed unfounded by child protective services and these allegations have no merit.

Father further alleges that Mother's actions adversely impacted the [C]hildren's safety. He claims that Mother has engaged in "parental alienation," thus resulting in the severance of his parental ties with the [C]hildren to the extent that the [C]hildren are afraid of him, manifest inappropriate anger against him, no longer wish to see him at all. He claims that Mother fostered that fear and those estrangements in the [C]hildren. Finally he claims that this "parental alienation" has greatly affected the Children's mental health. He seeks shared physical custody and legal custody.

***Sposato v. Sposato***, no.189 EDA 2025, 2025 Pa. Super. Unpub. WL 2887174 (Pa. Super. Ct. October 17, 2025) (unpublished memorandum decision affirming trial court's order dated December 17, 2024.)[.]

The FCO did not ease the acrimony between the parties or spur compliance. Instead, the parties filed multiple contempt petitions. **See** Documents 311, 317, and 325. On May 19, 2025, the undersigned conducted a full contempt hearing (Contempt Hearing). Both parties and the GAL appeared and participated in the Contempt Hearing. The Undersigned found that Father did not get his court-ordered physical custody; and that the Children did not attend the court-ordered counseling. The Appellant, without

supporting evidence, claimed that the Children were afraid of Father, and that the Children were refusing to visit with Father or attend the counseling sessions. The Appellant was found not to be credible. The undersigned found that the Appellant had failed to cooperate with, "facilitate" or prioritize the court-ordered counseling and Father's periods of physical custody. The undersigned found the Appellant in willful contempt of the FCO and sanctioned Mother $750. *See* Document 310. On October 15, 2025, Mother filed a timely appeal of the Contempt Order. 1573 EDA 2025. *See* Document 335. That appeal [was] pending before the Superior Court [at the time this appeal was filed].

The undersigned scheduled a status conference to encourage and ensure compliance with FCO. The status conference was held on July 28, 2025 ("Status Conference"). The Status Conference was held on-the-record after an extensive off-the-record conference. Counsel for the parties and the GAL appeared and participated. At the Status Conference, the undersigned reappointed [] Attorney Reilly as the GAL on the record and issued a written Order confirming the reappointment on October 1, 2025 ("Reappointment Order"). *See* Document 337.

Tr. Ct. Op. at 1-5 (footnotes omitted).

At the time the trial court filed its Rule 1925(a) opinion in this case, Appellant's appeal on the previous contempt order was still pending before this Court. This Court decided that appeal on January 5, 2026, affirming the order of contempt against Appellant. *Sposato v. Sposato*, No. 1573 EDA 2025, 2026 LX 42674 (filed Jan. 5, 2026). In that appeal, we found that she largely failed to preserve her issues, and we addressed only the issue of jurisdiction, a nonwaivable issue. *Id.* at *6. We also remanded "for the trial court to determine appropriate appellate attorneys' fees to be paid by Mother to Father because Mother has filed a frivolous and vexatious appeal, which is an abuse of the appellate process." *Id.* at *1. We stated explicitly that the

- 4 -

award of counsel fees was in part to deter Appellant from filing future frivolous appeals and we found that her appeal had "no basis in law or fact," was "vexatious to Father, and meant to further delay Mother's compliance with the Final Custody Order, which order she has already repeatedly contemptuously disregarded." **Id.** at *28.

Appellant filed a notice of appeal in the instant action on October 14, 2025, contesting the reappointment of the GAL. She filed a concise statement pursuant to Pa.R.A.P. 1925(b) on October 15, 2025. Appellant raised nine issues in her Rule 1925(b) statement. On November 4, 2025, a show cause order was entered by this Court for Appellant to respond explaining how the order was appealable when the GAL was appointed in 2022. Appellant filed a response on November 5, 2025. This appeal follows.

Appellant raises the following four issues in her brief, verbatim:

1. Did the trial court lack authority under Rule 1701 to enter the October 2025 order extending GAL activity and expanding fee exposure while appeals from the December 17, 2024 Final Custody Order were pending-because the order created new, forward-looking obligations (child interviews/record access and enhanced payment) rather than enforcing the status quo?

2. Did the June 14, 2022 GAL order—by its text and Pa.R.C.P. 1915.11-2—self-terminate at entry of the December 17, 2024 Final Custody Order, such that any October 2025 "extension" was a new appointment requiring a party motion, notice, and record findings (necessity, qualification, ability-to-pay) and jurisdiction the trial court did not have.?

3. Is the October 2025 order a collateral order under Rule 313 because it is separable from custody merits, implicates important rights (child interviews/record access; compelled payment), and would be irreparably lost if review waits?

- 5 -

4. If the Court declines to vacate based on Rules 1701/313, should a limited remand issue for a record-tethered supplemental Rule 1925(a) opinion addressing alleged consent/waiver (with transcript/docket citations), necessity/qualification as of October 2025, and ability-to-pay?

Appellant's Br. at 6-7.

As we have repeatedly stated with regard to our review of a custody order:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

Appellant's first issue implicates the trial court's authority to extend GAL activity while Appellant's prior appeal was pending. Specifically, Appellant argues that the trial court lacked jurisdiction under Pa.R.A.P. 1701 to reappoint Attorney Reilly as the GAL in this case. Appellant's Br. at 6. Appellant argues that the order created new obligations and was a substantial alteration of the custody arrangement rather than enforcing the status quo. *Id.*

Initially, we discuss if Appellant preserved any of her issues for review. Appellant's first three out of her nine issues raised in her Rule 1925(b)

statement implicate the jurisdiction of the trial court under Pa.R.A.P. 1701 to make the GAL appointment, and thus, Appellant's first appellate argument is fairly suggested by the first three issues preserved for appeal. Additionally, it is a jurisdictional issue which may be raised at any time. *See Strasburg Scooters, LLC v. Strasburg R.R.*, 210 A.3d 1064, 1067 (Pa. Super. 2019). However, Appellant's second, third, and fourth issue in her brief are not contained within her Rule 1925(b) statement nor are they fairly suggested thereby. Appellant appears to have abandoned issues four through nine of her concise statement and instead raised three new issues in her brief.

Appellant included in her brief a statement purporting to identify where in the record she preserved each issue, but it fails to do so. *See* Appellant's Br. at 11.

Appellant's second issue asks this Court to determine if the June 14, 2022 order self-terminated upon the entry of the final custody order, which she claimed was preserved in her rule to show cause response. The rule to show cause order was entered by this Court on November 4, 2025—after this appeal was filed—and thus Appellant's claim that the argument was preserved prior to appeal fails.

Appellant's third issue asks this Court to determine if the order being appealed is a collateral order, but this issue is not in her concise statement, and she does not indicate where she preserved this issue. However, to the extent this is a jurisdictional issue which cannot be waived, *Strasburg,*

*supra*, we agree that the October 3, 2025 order is reviewable under Pa.R.A.P. 313.[1]

Finally, Appellant's fourth issue asks this court for a limited remand for a record-tethered supplemental Rule 1925(a) opinion. In her statement of place of preserving issues, she baldly restates, "Appellant sought a limited remand for a record-tethered supplemental Rule 1925(a) opinion" with no indication if or where she sought this relief prior. She claims that the trial court relied on a status conference transcript that is not in the certified record, but she is incorrect. This Court has access to the transcript beginning on page 117a of the record. ***See***, N.T., 7/28/25. We find issues two and four waived. ***See In the Interest of: G.D. v. D.D.***, 61 A.3d 1031, 1036 n.3 (Pa. Super. 2013) (finding appellate claims waived where raised in appellate brief but not raised in concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i)).

Accordingly, we proceed to review the merits of Appellant's sole preserved and nonwaivable issue. "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary."

---

[1] "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Here, the issue of a GAL appointment is collateral to the merits of a custody dispute and final custody order, important rights are implicated including the children's privacy, and if review is postponed confidential disclosures and fee accrual cannot be undone.

*Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019) (citation omitted). The Rule governing a trial court's jurisdiction to take action in a matter after an appeal is taken by a reviewing court is as follows:

(a) General rule.-- Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

(b) Authority of a trial court or other government unit after appeal.-- After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal in *forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, [ ] . . .

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized by an appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701.

A trial court also may have jurisdiction to clarify and temporarily enforce a final custody order. *See Steele v. Steele*, 545 A.2d 376, 378 (Pa. Super. 1988) (noting that trial court may, under appropriate circumstances, alter custody order and issue temporary or interim relief when in children's best interest; recognizing that circumstances change abruptly and emergency temporary relief sometimes necessary). Additionally, the concept of preserving the status quo does not mean that no alterations can be made; alterations that are not substantive or material are generally acceptable. *See Sposato*, No. 1573 EDA 2025 at *23.[2] The status quo may be preserved by the trial court implementing a remedy that supports compliance with the custody order. *Id.* at *26.

Here, the trial court reappointed Attorney Reilly as GAL at the status conference on July 28, 2025. The trial court states the following in its opinion:

> The reappointment of Attorney Reilly as GAL did not in any way materially change or modify the FCO. Attorney [Reilly] had been serving as the GAL in this case since 2022. The Reappointment Order did not change who [would] serve as the GAL, the GAL's role, or the terms of the GAL's representation. The Reappointment Order simply preserved the status quo as specially authorized by Pa R.A.P. 1701(b)(1).

Tr. Ct. Op. at 9.

---

[2] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandum cited *supra* and find it to be persuasive in this matter.

- 10 -

The trial court also determined that Attorney Reilly remaining as the GAL is in the best interest of the children. The trial court said on the record at the time of the reappointment, "she is going to remain guardian because I think it's important and she provides an important function." N.T., 7/28/25, at 8. The court further explains the following:

> If and when the parties could learn and demonstrate the ability to put aside their personal animosity and contemptuous behavior and focus on the best interests of the Children, the GAL may no longer be necessary. However, for so long as this case can be accurately described as an ongoing "Greek tragedy" or a "Dicken's novel", the GAL is appropriate and necessary. The costs of the GAL were appropriately allocated and continued as previously ordered.

Tr. Ct. Op. at 11.

We agree with the above remarks by the trial court. Attorney Reilly had been the GAL for the children in this case since June 14, 2022, and was reappointed April 16, 2024. Although we decline to address whether or not the original GAL order had terminated, we find that the reappointment of Attorney Reilly was not a substantial or material change to the final custody order and did maintain the status quo in this matter, especially given that the costs are allocated and continued as previously authorized.

Accordingly, the trial court had jurisdiction, despite the pending appeal, to continue the appointment of the GAL. The court's jurisdiction is separately established because the court's action supports the best interest of the children and compliance with the custody order. The parents in this matter, caused particularly by the Appellant, are trapped in a cycle including the

- 11 -

lodging of accusations, the filing of motions, violations of the custody order, acting in bad faith, being found in contempt, and the filing of appeals.

Attorney Reilly represents the best interests of the children and can encourage compliance with the custody order. Accordingly, the reappointment maintained the status quo, and the court had jurisdiction to take such action.

Finally, in an effort to dissuade Appellant and her counsel from continuing to abuse the appellate process in this matter, we reiterate as we did in our January decision in this matter:

> [A]fter our independent review, we can only find that Mother's appeal is—beyond being merely meritless—wholly frivolous and lacks any basis in law and fact, is a vexatious delay tactic, and an abuse of the appellate process, which we cannot condone or disregard. **See Marino by Marino v. Marino**, 411 Pa. Super. 424, 601 A.2d 1240, 1250 (Pa. Super. 1992) (stating that reasonable attorneys' fees may be granted where appeal is frivolous or results from vexatious conduct); **see also Holler [v. Smith]**, 928 A.2d at 332 [(Pa. Super. 2007)] (noting that party's conduct meets definition of vexatious if he brought or continued lawsuit without legal or factual grounds and if suit served only to cause annoyance). Indeed, Pennsylvania Rule of Appellate Procedure 2744 allows this Court, *sua sponte*, to impose an award of reasonable counsel fees against a party if we determine that "the appeal is wholly frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate[,] or vexatious." Pa.R.A.P. 2744(1); **see also Feingold v. Hendrzak**, 2011 PA Super 34, 15 A.3d 937, 943 (Pa. Super. 2011) (awarding appellees' counsel fees to deter appellant from filing future frivolous actions). Instantly, we find Mother's appeal meets these criteria where her appeal has no basis in law or fact, is vexatious to Father, and meant to further delay Mother's compliance with the Final Custody Order, which order she has already repeatedly contemptuously disregarded. Accordingly, we remand this case to the trial court for a calculation of Father's reasonable appellate counsel fees to be paid by Mother. **See** Pa.R.A.P. 2744.

***Sposato***, No. 1573 EDA 2025 at *27-28 (footnotes omitted). Here, we find that this appeal is frivolous as Appellant failed to preserve her issues for appeal. We find that Appellant uses the appellate process to be vexatious to Father and to delay her compliance with the custody order. Accordingly, an award of Father's reasonable attorneys' fees, if any, is appropriate.

Order affirmed. Case remanded for imposition of counsel fees. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2026